# CASES

# SUPREME JUDICIAL COURT,

## COUNTY OF PENOBSCOT, JUNE TERM, 1841.

---

## WILLIAM IRVING vs. WILLIAM J. THOMAS.

When a case comes from the District Court by exceptions, although all the evidence at the trial appears on the face of them, it is not in condition to be examined, as it would be on a petition or motion for a new trial. The only subjects of consideration here are those legal questions apparent on the exceptions, *and which were decided by the presiding Judge.*

The rule, *caveat emptor,* does not apply where one party to the contract entered into it by reason of the false and fraudulent representations of the other.

The Court cannot infer that a party to a lease made in consequence of the false representations of the other in relation to the income of the premises leased, waived his right to set up this in defence, from the mere fact that he had seen and been upon the premises before the lease was executed.

A false representation relating to the income or value of an estate, the knowledge of which is usually confined to the owner and those standing in a confidential relation to him, does not come within the rule, that the party making it is not responsible to one deceived by it, by reason of its being a matter which is or should be equally well known to both parties.

Although a party may not be able to rescind a contract partly executed, and recover back what he has paid under it, yet where the contract was made in consequence of the false and fraudulent representations of the plaintiff, this furnishes a good defence to an action to compel a further execution of such contract, unless after a full knowledge of all the facts the defendant has come to a new agreement, or has voluntarily waived all objections to it.

A party cannot justly be regarded as voluntarily confirming a contract believed to be fraudulent, because he did not repudiate it upon a violent presumption of fraud, instead of waiting until the time when it would be clearly shown whether there was fraud or not.

Irving *v.* Thomas.

Where premises are leased for three years " at a rent of eight hundred dollars yearly," and where the lessee agrees to pay the rent semi-annually, it is not a semi-annual, but an annual rent; and the payment of four hundred dollars at the expiration of the first six months is to be considered as a part of the yearly rent, and not a payment for any specified number of months.

An objection made to the admission of testimony of a particular description or class, as to parol testimony to prove a contract to be fraudulent, does not extend to or imply an objection to any question, or to any answer of a witness, during the examination.

Testimony appropriate to one count in the declaration, although not to all, is admissible.

A judge may properly refuse to comply with a request of counsel to give a particular instruction to the jury, if the request assume as facts proved on which to predicate the instruction, what had not been proved, or was proper only for the decision of the jury upon the evidence.

If the effect of a compliance with the request of counsel to a judge to give a specified instruction, would be to mislead instead of to enlighten the jury, the request may well be denied.

EXCEPTIONS from the Court of Common Pleas, PERHAM J. presiding.

Assumpsit on a lease in writing not under seal, with a count for the use and occupation of a tavern house, being the same described in the lease. The plaintiff read the lease, dated *Dec.* 9, 1835, by the terms of which the defendant was to occupy the buildings for three years from the first of *March*, 1836, at a yearly rent of $800, to be paid in two equal semi-annual payments. At the end of the first six months the defendant paid four hundred dollars. This action was brought after the expiration of the first year. The plaintiff proved that the defendant entered into the premises in the spring of 1836, and occupied the same for about the term of one year, and then removed; and that the defendant had been at the house, and boarded with the plaintiff there, in the fall of 1835, and some part of the winter of 1836, before removing there to take possession of the house.

It was contended in defence, that the lease was obtained by false and fraudulent representations as to the value and amount of the income of the premises, and the defendant offered evidence *tending to prove* what representations were made to him, to induce him to take the lease, and agree to pay the rent stipulated in it; that the same were false and fraudulent; and that he was thereby deceived

Irving *v.* Thomas.

and induced to accept the lease and agree to pay as rent four times the value. The plaintiff's counsel objected to the introduction of this evidence, as incompetent and irrelevant. The objection was overruled by the Judge, and the testimony admitted. The defendant offered evidence tending to show that the use of the premises was not worth more than two hundred dollars per year; to the introduction of which the plaintiff's counsel objected as irrelevant. The objection was overruled, and the evidence went to the jury. The whole evidence is set forth in the exceptions at the request of the counsel for the plaintiff, but no further objections appear to have been made to the admission of any part thereof. In committing the cause to the jury, the Judge stated to them, that if they found the lease declared on to have been fairly obtained, they would find for the plaintiff, and give him in damages what appeared to be due on the lease; for it was not a question whether the defendant had made a good bargain or a hard one. The defence relied upon is fraud, and they would inquire whether the evidence proved that the lease declared upon had been obtained by means of representations falsely and fraudulently made by the plaintiff, and that the defendant had thereby been deceived and induced to enter into a contract to which he would not have consented, had the truth been stated, and if so, such representations would render the lease void; that the law would not uphold a contract based upon fraud and deception; and that if they found the lease offered in this case to be of that character, no action could be sustained upon it; that if it had been proved that the defendant actually occupied the premises, and should they find the lease to have been void, he would still be liable under the count for use and occupation for as much as the same would reasonably be worth during the time he had actually enjoyed the premises; that if the four hundred dollars received of the defendant by the plaintiff should appear to be as much as the premises were worth, they would find for the defendant; but if they found the use of the premises was worth more than the plaintiff had received, they would return a verdict for him, and give him in damages what they should find to be due.

The counsel for the plaintiff requested the Judge to charge the jury,

1. That *Thomas* having occupied the premises more than a year,

and made the first semi-annual payment without objection, it is now too late to object that *Irving* misrepresented the amount of hay cut on the premises, or the business of the house.

2. That the acts of *Thomas* amounted to a waiver of all objections to the lease on the ground that false representations were made to him by the plaintiff before the lease was entered into; that by entering into the premises and there remaining more than a year, and paying rent at the end of six months, he thereby ratified and affirmed the original contract, and cannot now resist the payment of rent on the ground of such representations.

3. That the plaintiff is at all events entitled to recover under the count for use and occupation as much as the premises were reasonably worth for the last six months.

4. That having paid four hundred dollars after the defendant had been in possession of the premises for six months, is evidence that the defendant did not then consider that *Irving* had deceived him.

The Judge declined giving the instructions as requested, and directed the jury, that if they found by the evidence, that at the end of six months, when the defendant paid four hundred dollars, it was in settlement of the rent then due, or for a given time, he would be bound by such settlement, and the plaintiff would be entitled to recover what the premises were reasonably worth for the remaining time he occupied the premises. But if they found there was no settlement for a given portion of the time, and the four hundred dollars were paid towards the whole time he had occupied, they would inquire if he had paid enough.

The jury returned a verdict for the defendant, and found that the lease was fraudulently obtained by the plaintiff, and that there had been no settlement of the rent for any portion of the time.

To the admission of the evidence objected to, to the rulings of the Judge, and to his not giving the instructions requested, the plaintiff excepted.

The arguments were in writing.

*J. Appleton* and *Washburn*, for the plaintiff, argued in support of the four following propositions, making several subdivisions, some of which are noticed in the opinion of the Court.

1. The defendant is within the rule of *caveat emptor*, having had an opportunity to judge for himself, before he made the contract.

Irving *v*. Thomas.

1 *Story's Eq.* § 197, 199 ; 3 *Meriv.* 704 ; 2 *Kent's Com.* 484 ; 1 *Fonb. Eq.* 371 ; *Yelv.* 21 ; *Rol. Ab.* 101 ; 2 *Saund. Pl. & Ev.* 441 ; *Sugd. V. & P.* 195 ; *Cro.-Jac.* 4 ; 5 *Ves.* 508 ; 10 *Ves.* 505 ; 1 *Chitty's Pr.* 841 ; *Chit. Con.* 223 ; 4 *Taunt.* 479 ; 3 *T. R.* 54 ; 3 *Fairf.* 262 ; 1 *Dana*, 273.

2. If there were fraudulent representations, still the defendant so conducted with the property after the fraud must have been discovered, that he lost the right to set up *that in defence.* A party may waive his right to set aside a contract into which he was led by fraud. He may, after the fraud is discovered, by going on, using and enjoying the property, receiving the benefit of it, and holding the other party out, renew, ratify and confirm the contract. 1 *Chit. Pr.* 838 ; 1 *Bro. P. C.* 289 ; *Sug. V. & P.* 192 ; 10 *Ves.* 508 ; 6 *Ves.* 670 ; 3 *Carr. & P.* 407 ; 3 *Wend.* 236 ; 2 *Stark. Ev.* 641 ; 4 *Esp. R.* 95 ; 1 *Campb.* 190 ; 1 *Stark. Cas.* 257 ; 7 *East*, 480 ; 1 *Moore*, 106 ; *Long on Sales*, 139 ; 2 *Carr. & P.* 514 ; 3 *B. & Ald.* 456 ; *Cowp.* 818 ; *Dougl.* 23 ; 1 *T. R.* 133 ; 3 *Esp. R.* 82 ; 4 *Mass. R.* 502 ; 15 *Mass. R.* 319 ; 3 *Greenl.* 30 ; 2 *Shepl.* 364 ; 7 *Greenl.* 70 ; 12 *Conn. R.* 234 ; 8 *Verm. Rep.* 214 ; *Newl. on Con.* 496 ; 1 *Atk.* 354 ; *Ball. & B.* 357 ; 3 *Johns. Ch. R.* 23, 400 ; 6 *Paige*, 254.

3. The Judge should have instructed the jury, that we were at all events entitled to recover the reasonable value of the premises for the last six months occupied by the defendant. 1 *Fairf.* 467. When the facts are admitted, it is the duty of the Court to declare the law. 2 *Greenl.* 5 ; 7 *Greenl.* 122 ; 7 *Wend.* 160 ; 11 *Johns. R.* 187 ; 1 *Wend.* 376 ; 4 *Wend.* 639.

4. Testimony was improperly admitted. Thinking one way or another, is no evidence on which a jury may safely rely. Suspicions, opinions, thoughts, and surmises should never be permitted to go before a jury. 15 *Pick.* 90, 320 ; 6 *N. H. Rep.* 464 ; 17 *Wend.* 161 ; 6 *Conn. R.* 169.

*Wilson*, for the defendant, considered, that the verdict of the jury, that the lease was fraudulently obtained by the plaintiff, and that the rent was not paid by the defendant for any particular portion of the time, was conclusive of the whole matter.

The evidence to show fraud was rightly admitted. Questions of fraud are for the determination of the jury. *Sherwood* v. *Mar-*

Irving *v.* Thomas.

*wick,* 5 *Greenl.* 295.   Parol evidence of the consideration, and of the representations of the plaintiff, was  properly admitted.   *Folsom* v. *Mussey,* 8 *Greenl.* 400 ;  *Barker* v. *Prentiss,* 6 *Mass. R.* 430 ; *Tyler* v. *Carleton,* 7 *Greenl.* 175.

The instructions actually given by the  Judge covered the whole ground in controversy ; they were in  strict accordance with law ; most liberal to the plaintiff; and such as no honest man would fear, or find fault with.   *Bean* v. *Herrick,* 3 *Fairf.* 262.

The opinion of the Court was drawn up by

SHEPLEY J. — Whether the jury came to a right conclusion upon the facts before them cannot be the proper subject of inquiry here upon a bill of exceptions.   The case is not in a position to be examined as it would be on a petition or motion for a new trial. The only subjects for consideration here, are those legal questions apparent in the bill of exceptions, and which were decided by the presiding Judge.   The first is, whether evidence to prove, that the defendant was induced to accept the lease by the false and fraudulent representations of the plaintiff was, under the circumstances, legally admissible.   The circumstances relied on to show, that such testimony was incompetent or irrelative are, that the defendant had seen the premises before taking a lease of them ; had boarded with the plaintiff, then the occupant, part of the winter before the term commenced ; had entered under the lease and occupied the premises for one year or more ; and had paid the first instalment due for rent.   The argument is, that under such circumstances he could not, or ought not to have been deceived ; and that if deceived he must be regarded as having waived the right to make such a defence.   The case does not show any other knowledge acquired by the defendant before making the contract, than what must be inferred from the fact, that he " had been at the premises the fall before he moved there."   How long he remained there before the ninth of *December,* when the lease was executed, or what opportunity he had to examine, or to make inquiries does not appear.   From such a fact alone the Court could not have properly decided that the defendant was by law precluded from proving that he was deceived by the false representations of the plaintiff.   It is said, that the rule *caveat emptor* should have been applied.   That rule is not

applicable to a case like this, but to cases in which there is no proof of false representations, or of warranty.

One is not bound by a false representation or warranty so clearly and obviously differing from the fact, that every person having the use of the common organs of sensation must know it to be erroneous; for reliance is to be placed upon the knowledge which these afford rather than upon the statements of any one. This, however, is not a case of that description. It has been decided also, that the seller is not bound by representations respecting the value of the property sold, because it is a matter which may be equally known to both parties. A representation relating to the income or rent of an estate does not come within this rule for the reason, that the knowledge of it may be, and usually is, confined to one party; and the other can be presumed to ascertain it accurately only from him, or from those standing in a confidential relation to him. Hence one making such a false representation is bound by it. *Leakins* v. *Clissel,* 1 *Lev.* 102; *Lysney* v. *Selby,* 2d *Ld. Ray.* 1118; *Bowring* v. *Stevens,* 2 *C. & P.* 337; *Cross* v. *Peters,* 1 *Greenl.* 389.

It is true, as alleged in the argument for the plaintiff, that the defendant could not then rescind this contract. But the defence was not placed upon the ground that he had rescinded it, and was to recover back what he had paid. It rested upon the position that the plaintiff could not compel the defendant further to execute a contract which originated in his own false and fraudulent representations. And the cases cited shew, that he may make such a defence, unless after a full knowledge of all the facts, he has come to a new agreement, or has voluntarily waived all objections to it. In this case there is no proof of any new agreement; and nothing from which a waiver can be inferred, except the facts before stated, and certain remarks which he afterward made to the witnesses respecting the contract. He could not come to a full and certain knowledge of what would be the amount of business or of profits yearly, until the end of a year; although it would be true that each month or shorter period would afford him an accumulation of knowledge strongly tending to satisfy the mind that the representations must have been false. But he cannot be justly regarded as voluntarily confirming a contract believed to be fraudulent, because he did not

repudiate it at an earlier period upon a violent presumption of fraud, instead of waiting for the close of the year, when it would become so certain that it could be clearly proved. Nor does the fact that he continued to perform on his own part by paying the first instalment, and the remarks made to the witnesses, and his residence in the plaintiff's family during the previous winter, all taken in connexion with the remarks made to the plaintiff at the time of making the payment, authorize any such inference. Much less do all these matters authorize a court to come to such a conclusion and state it as matter of law. And this it must have done before the testimony could have been excluded.

The cases of *Percival* v. *Blake,* and *Cash* v. *Giles,* cited by plaintiff's counsel, do not decide that mere delay to give information of defects, precludes the party from availing himself of them in defence in cases where the contract was entered into through false representations. So far from it, Ch. J. *Abbott,* in the former case says to the jury, " if you think that any deceit was practiced, then you will find your verdict for the defendant."

Objections are now made in argument to particular statements made by the witnesses, and to the expression of their opinions and belief. No such objections appear to have been made to the testimony at the time of the trial. An objection to the admission of testimony of a particular description or class, as in this case to parol testimony, to prove the contract to be fraudulent, do not extend to, or imply any objection to any question, or to any answer of the witnesses during the examination. When the court in this case decided that testimony to prove that the contract was procured by fraud was admissible, it cannot be understood to have decided that any loose remarks which witnesses introduced for that purpose might offer, unless checked, were legal testimony. That the objections were only to testimony of whatever description it might prove to be for the purpose proposed, is quite clear, for they appear from the case to have been made only before the introduction of any such testimony, and on the occasion of its being proposed. There are doubtless remarks made by the witnesses which were not legal testimony, but there being no indication of any other than such general objection, they must be regarded as having been received without objection. Nor is there any thing in the case from

which this Court can conclude with certainty that they were not called out by the plaintiff.

These observations are equally applicable to the objections relating to the testimony introduced to prove, that the premises were "not worth more than two hundred dollars for a year." Such testimony being necessary to prove that some of the plaintiff's representations were false, "and it being appropriate to the count for use and occupation," it was properly admitted.

The Judge properly refused to comply with the first request, for the reason among others, that it erroneously assumed as a fact, that the payment of rent was made without objection. And with the second, because it assumed as proved, matters proper for the jury only to decide, and for the reasons which have been already stated while speaking of the admissibility of the testimony.

The third request and the arguments to sustain it, appear to have arisen out of an impression that the rent was a semi-annual and not an annual rent ; and that the payment of the first instalment was an extinguishment or payment of it for a period of six months. But the case states, that it was a yearly rent, the lease being for three years, and at a rent of $800 yearly. The fact that one half of it was to be paid semi-annually would no more constitute it a half yearly rent, than a provision would, that one half should be paid in advance, or in thirty or sixty days after the entry upon the premises. If repairs chargeable to the landlord had been made by the tenant, or the landlord had omitted the performance of a stipulation of importance to the tenant during the first six months, could it be contended that because the first instalment of the rent had been paid without bringing these matters into account, the tenant had forfeited all claim to have them allowed on an adjustment at the end of the year? The balance claimed in this suit arose no more out of one period of the occupation than another. It was only a balance of a yearly rent; and the payment made by the defendant would legally be regarded only as so much paid towards one integral sum of $800 as a yearly rent, and no more applicable to one portion than to another of the occupation of that year. It was part of the yearly rent, and not the rent for any specified number of months that was paid. If the Judge erred, it was in submitting this as a matter to be decided by the jury, instead of re-

Irving *v.* Thomas.

garding it as a question of law arising out of the contract to be decided by himself.

The counsel's construction of the fourth request appears to be, that it required the Judge simply to inform the jury, that the payment of the first instalment of the rent was a fact among others, from all of which they might infer, that the defendant did not then consider, that the plaintiff had deceived him. The language used would not present to the minds of a jury any intimation, that they were at liberty to draw such an inference or not, as they should think proper, from that fact taken in connexion with the other facts in the case. The word " evidence," if not inaccurately used for the word " proof," would, as there used, have been likely to have conveyed the same idea to their minds, and to have left upon them the impression, that from that single fact they were bound to infer, that the defendant did not then consider, that the plaintiff had deceived him, although at the same time he informed him that he did consider, that he had been guilty of misrepresentation. It is a sufficient objection to this request, that the effect of a compliance would have been to mislead instead of enlighten the minds of the jury.

*Exceptions overruled.*