PIPER *v.* HILLIARD & a.

Whether, upon all the circumstances and merits of a case, justice requires that a party be allowed to change an issue by an amendment of the pleadings, is a question of fact to be determined at the trial term.

An imperfect record of a mortgage of corporate shares, on the books of the corporation, may, as a means of knowledge, be evidence on the question whether a creditor of the mortgagor, levying an execution on the shares, had notice of the existence of the mortgage.

Whether such creditor had notice at the time of the levy of his execution, may be a material issue.

BILL IN EQUITY (reported in 52 N. H. 209), to foreclose an unrecorded mortgage of shares of a corporation. The plaintiff is mortgagee, and J. M. Hilliard, one of the defendants, is mortgagor. After the mortgage was given, the shares were sold to the defendant, H. S. Hilliard, in the levy of an execution of Jennison & Crane against the mortgagor. The pleadings presented the issue whether Jennison & Crane, at the time of their levy, had notice of the mortgage, and that it was given in good faith to secure a just debt. The defendants excepted,—1. To the denial of their motion so to amend the pleadings as to present the question whether Jennison & Crane had notice at the time of their attachment. 2. To the admission in evidence of an imperfect record of the mortgage in the books of the corporation. 3. To the denial of the defendants' motion for a decree in their favor, notwithstanding the verdict,—the defendants claiming that the issue tried was immaterial.

*W. & H. Heywood, Fletcher & Fletcher*, and *Aldrich & Shurtleff*, for the defendants.

*Ray & Drew*, for the plaintiff.

SMITH, J. Whether, upon all the circumstances and merits of the case, justice required the allowance of the amendment and the change of the issue raised by the original pleadings, was a question of fact that should be determined at the trial term, and is not reserved. The exception to the denial of the defendants' motion to amend does not raise a question of law. *Farr* v. *Wheeler*, 20 N. H. 569; *Bowman* v. *Sanborn*, 25 N. H. 87; *Avery* v. *Bowman*, 39 N. H. 393; *Taft* v. *Transportation Co.*, 56 N. H. 417. Apparently the motion was not seasonably made.

The imperfect record of the mortgage in the books of the corporation might tend to show means of knowledge. The record of a defective deed is not constructive notice of the conveyance. But when from the record one has actual notice of the grantee's title, he is charged with notice as in other cases. *Hastings* v. *Cutler*, 24 N. H. 481. Crane's knowledge of the record of the mortgage before his firm commenced their levy was sufficient for them to understand that a conveyance had been made of the shares, and that the plaintiff claimed under it. It could make no difference that the mortgage was recorded in a place not required by law. It gave precisely the same information that the recording of it in the public records would have given; and, upon inquiry, they would have learned that the conveyance was free from the defects which appeared upon the records of the corporation. But independently of the defective record, there was evidence from which the jury might find that they had notice of the plaintiff's mortgage. Such notice would, as to them, be equivalent to a record of the mortgage. *Clarke* v. *Merrill*, 51 N. H. 415; *Clark* v. *Tarbell*, 57 N. H. 328.

If the issue whether Jennison & Crane had notice at the time of their attachment would have been material, the defendants did not raise it in their answer. And that issue not being in the record, the issue whether Jennison & Crane had notice at the time of their levy is a material one, as it would be if no attachment had been made. *Piper* v. *Hilliard*, 52 N. H. 209.

*Exceptions overruled.*

BINGHAM, J., did not sit.