STERNE MORSE & others *vs.* ELIJAH SHAW.

Hampden.    Sept. 26, 1877. — Feb. 8, 1878.    ENDICOTT & LORD, JJ., absent.

In an action to rescind a sale of personal property, on the ground that it was induced by the false and fraudulent representations of the defendant, it appeared that the defendant, who had a large and valuable real estate, was requested by the plaintiff to make a statement of his affairs; and that, at a subsequent interview, he took out a memorandum book, apparently read it, and said: "I want to tell you how I stand. I could pay every dollar of indebtedness of mine, including the mortgages on my real estate, and not owe on that real estate more than $15,000 to $20,000." *Held,* that whether the statement was the expression of an opinion, or the representation of a material fact, was for the jury.

REPLEVIN of wool. At the trial in the Superior Court, before *Rockwell,* J., the jury returned a verdict for the plaintiffs; and the defendant alleged exceptions, the material parts of which appear in the opinion.

*G. F. Hoar,* for the defendant.

*G. M. Stearns & N. A. Leonard,* for the plaintiffs.

MORTON, J. The plaintiffs seek to avoid a sale, upon the ground that they were induced to make it by false and fraudulent representations of the defendant. The burden is upon them to show that the defendant knowingly made false representations of matters of fact which are susceptible of knowledge. Representations which are mere expressions of opinion, judgment or estimate, or intended as expressions of belief only,

are not sufficient to support the action. They must be state-ments of facts susceptible of knowledge, as distinguished from matters of mere belief or opinion. *Safford* v. *Grout*, 120 Mass. 20. *Litchfield* v. *Hutchinson*, 117 Mass. 195.

At the trial of this case, the presiding justice stated these principles of law with substantial correctness, and the defendant does not complain of the rulings in this respect. But he contends that the only representations proved in the case were expressions of opinion or belief as to the defendant's ability to pay his debts, and that, therefore, under the rules of law adopted by the presiding judge, he should have instructed the jury, as requested, that the evidence would not warrant a verdict for the plaintiffs.

The evidence tended to show that, in January, 1876, the defendant went to the plaintiffs to buy wool, and, after some conversation as to his business condition and credit, agreed to go home and prepare a statement of his affairs; that, in the February following, he again called upon the plaintiffs, took out a memorandum book, apparently read it, and said: "I want to tell you how I stand. I could pay every dollar of indebtedness of mine, including the mortgages on my real estate, and not owe on that real estate more than \$15,000 to \$20,000." It appeared that he had a large and valuable real estate. The statement is equivalent to a representation that he had, independently of his real estate, property enough to pay all his debts except \$20,000.

Such a representation may be susceptible of either of two interpretations. It may be intended as a wilfully false statement of a fact, and may be understood as a statement of a fact. Or it may be intended as the expression of the opinion or estimate which the owner has of the value of his property, and may be so understood. Suppose, for instance, that a man, who owns property worth \$1000, for the purpose of procuring credit, represents that he is worth or that he has property worth \$100,000. It would be self-evident that he intended to misrepresent facts, and such misrepresentation would be a fraud. But, if the same man should represent that he had property worth \$1500, it might well be regarded as an expression of his judgment or estimate of value, and therefore not an actionable fraud. In such cases, it is for the jury to determine whether the representations were

intended and understood as statements of facts, or mere expressions of opinion or judgment. In the case at bar, the court could not say, as matter of law, that the statements made by the defendant as to his property and debts were mere expressions of his opinion or belief, and not statements of facts. All the evidence was before the jury, disclosing the circumstances and condition of the defendant and his property, and it was properly left to them to decide whether the statements proved were false and fraudulent representations of material facts.

*Exceptions overruled.*