MESSER v. SMYTH.

Whether a false representation made by the vendor in a material matter in a sale of land is actionable, depends upon whether it relates to a matter concerning which both parties have not equal means of knowledge, and whether it is an expression of opinion or an affirmation of a fact.

Whether an oral statement was an expression of opinion, or the representation of a material fact, is ordinarily a question for the jury.

False representations made by a vendor in the sale of land, relating to the quality and productiveness of the soil, its capacity to produce crops or to support cattle, calculated and intended to deceive the vendee, and having that effect, are actionable.

WRIT OF ENTRY, to foreclose a mortgage. The defendant filed a brief statement, claiming a deduction from the amount due on the note secured by the mortgage, on the ground that the note was given in part payment for the farm covered by the mortgage, and that the defendant was induced to purchase the farm of the plaintiff, and pay more than it was worth, by reason of false representations of the plaintiff as to the productiveness of the farm and its capacity to produce crops.

The plaintiff requested the court to instruct the jury that representations made by the plaintiff relating to the quality and productiveness of the land for which the note was given, and affirmations concerning the adaptation of the land to a particular mode of culture, or the capacity of the soil to produce crops or support cattle, were not representations upon which the defendant could maintain an action, or for which he could have deduction from the amount otherwise due on the note. The court declined to give the instructions requested, and the plaintiff excepted; and the jury having returned a verdict for the defendant, the plaintiff moved to set it aside.

*Hatch*, for the plaintiff.

*S. C. Eastman* and *Harriman*, for the defendant.

CLARK, J. Whether a false representation made by the vendor in a material matter, in a sale of land, is actionable, depends upon whether it relates to a matter concerning which both parties have not equal means of knowledge, and whether it is an expression of opinion or an affirmation of a fact. If it relates to a matter concerning which both the vendor and purchaser have equal means of knowledge, the maxim *caveat emptor* applies, and the purchaser is without remedy if he neglects to give attention to the means of knowledge accessible to him. He is not, however, required to exhaust all the sources of information, but to give due attention to those which it would be negligence and indiscretion to overlook or disregard. *Hoitt* v. *Holcomb*, 32 N. H. 185, 205 ; *Irving* v. *Thomas*, 18 Me. 418. If the purchaser exercises proper diligence, the maxim *caveat emptor* does not apply when there is a positive misrepresentation in a material matter. Kerr Fraud and Mistake 81. So a misrepresentation, intended by the vendor to mislead the vendee and render his examination less complete, and calculated to put common prudence off its guard, is fraudulent and actionable. *Page* v. *Parker*, 40 N. H. 47, 71 ; *Lawton* v. *Kittredge*, 30 N. H. 500, 508 ; *Bean* v. *Her-*

*rick*, 12 Me. 262, 269; Kerr Fraud and Mistake 86; *Medbury* v. *Watson*, 6 Met. 246, 260.   A representation which merely amounts to a statement of opinion, judgment, probability, or expectation, or is vague and indefinite in its terms, or is merely a loose, conjectural, or exaggerated statement, goes for nothing.   But the misrepresentation of a material fact is actionable; and whether an oral statement was an expression of opinion, or the representation of a material fact, is ordinarily a question for the jury.   *Morse* v. *Shaw*, 124 Mass. 59; *Simar* v. *Canaday*, 53 N. Y. 298; *Morrill* v. *Wallace*, 9 N. H. 111, 115.

In the present case the misrepresentations complained of relate to the quantity of hay that had been cut by the plaintiff on the farm, the quantity and quality of apples that he had raised, the amount of pasturage it had furnished, the expense of carrying it on, and the income of it.   They all consist of affirmations relating to the past productions of the farm, with the exception of the estimated amount of hay the farm would produce that year.   At the time of the sale of the farm to the defendant the hay had all been cut for that year, and as the plaintiff did not inform the defendant that the previous estimate had proved incorrect, he in effect reaffirmed it, and by his conduct represented that the amount of hay actually raised on the farm that year was the quantity previously estimated.   These were all statements of facts peculiarly within the knowledge of the plaintiff, upon which the defendant had the right to rely.   *Coon* v. *Atwell*, 46 N. H. 510; *Martin* v. *Jordan*, 60 Me. 531.

*Judgment on the verdict.*

SMITH, J., did not sit: the others concurred.