REDDING v. DODGE.

Amendments are not allowed when injustice will be done thereby.

TRESPASS, for the forcible taking and carrying away of the plaintiff's cattle. Facts found by a referee.

The defendant was, at the time of the taking complained of, and since has been, sheriff of Merrimack county, and one Kenrick was his deputy. Kenrick was also deputy of the sheriff of Belknap county. Kenrick, at S. in Belknap county, attached the plaintiff's cattle upon a writ against one D., returnable in Merrimack county, which is the taking complained of. On the same day Kenrick drove the cattle to F. in Merrimack county, and five days later sold the same, as a deputy of the defendant, upon the certificate of examiners, and made return of his doings upon the writ. The declaration charges the defendant with the forcible taking and carrying away of the plaintiff's cattle in S. in the county of Belknap. The plaintiff moved to amend by alleging the taking, &c., to have been done in F. in the county of Merrimack.

*Rolfe*, for the plaintiff.

*E. B. S. Sanborn*, *Shirley*, and *Mugridge*, for the defendant.

SMITH, J. Kenrick was not acting as the deputy of the defendant when he attached and removed the plaintiff's cattle. If he acted illegally in removing property into Merrimack county which he might lawfully attach in Belknap county, and selling the same upon the certificate of examiners in Merrimack county,—a point upon which we express no opinion,—yet we think it would be inequitable to enable the plaintiff by the proposed amendment to harass the defendant with this suit. Upon the facts reported, justice does not require the allowance of the proposed amendment. *Wendell* v. *Mugridge*, 19 N. H. 109; *Baker* v. *Davis*, 22 N. H. 27.

*Case discharged.*

BINGHAM, J., did not sit: the others concurred.