## EDES *v.* HERRICK.

A trustee, holding merely the naked legal title of land, charged with no duty except to convey it to the heirs of his grantor, cannot, after a conveyance by his grantor with covenants of warranty, maintain a writ of entry for the land against the grantee.

WRIT OF ENTRY, to recover possession of certain premises in Newport. The material facts are stated in the opinion.

*Edes & Newton*, for the plaintiff.

*A. S. Wait*, for the defendant.

STANLEY, J. Under an antenuptial contract between Stephen Call and Clarissa Whittier, the demanded premises were conveyed to the plaintiff as trustee, to hold the same in trust, to permit Stephen to have the use and entire management thereof during his natural life if Clarissa should survive him, but at her decease, he surviving, to convey the same to Stephen on request, Stephen at all times keeping the buildings in good repair, and if the house is burned replacing it with one as good. In case Clarissa should survive Stephen (as she did), she was to have the full use and occupation of the land and buildings during her life, she to keep the same in reasonable repair, and have all the income thereof. After Clarissa's death, she surviving Stephen, the plaintiff was to convey the demanded premises to such person as Stephen should designate by will, and in default of such designation, to the heirs-at-law of Stephen, in the shares and proportions to which they were respectively entitled, upon the payment of his necessary expenses in making the conveyance. Stephen in his lifetime conveyed the premises by warranty deed to the defendant, and he holds under that title.

It is apparent from the agreement that the parties understood the sole duty of the trustee was to convey the premises, after the death of either Stephen or his wife, or after the death of both. Upon Clarissa's death, Stephen surviving, they were to be at once conveyed to Stephen. Upon Clarissa's death, after Stephen's, they were to be conveyed either to such person as Stephen had designated in his will, or to his heirs. While Stephen lived he was to take the whole income and managment, and while Clarissa lived, after Stephen's death, she was to take the whole income, the full use and occupation. She had a life estate, with reversion to the heirs of Stephen, he never having designated by his will any person to whom the plaintiff should convey them. She could bring a suit in her own name for possession, or for the mesne profits. There was no occasion for her to call on the trustee. The fact that no provision is made for paying the trustee for any

services except making the conveyance excludes the idea that the parties expected of him any other service.   Clarissa being living when this suit was commenced, and entitled to the possession and income of the demanded premises, the plaintiff cannot maintain this action.    But if it is admitted that the plaintiff could maintain it to recover possession, or to recover the mesne profits, this action must fail.    Since it was commenced Clarissa has died, and her death is pleaded, and upon her death the estate vested absolutely in the heirs.    Whatever title the trustee had while Stephen and Clarissa lived ceased upon their death.    But suppose the plaintiff is entitled to judgment for the demanded premises, it is only that he may convey them to the heirs of Stephen ; and as the defendant holds by warranty deed from Stephen, they would derive no title of which they could avail themselves, for they would be estopped by the covenants in the deed of their ancestor from asserting any claim under their conveyance from the plaintiff; and if they could acquire no title from the plaintiff, of which they could make use as against the grantee of Stephen, it is not easy to see how the plaintiff has any title of which he can avail himself as against the grantee of Stephen.

It is suggested that this action may be maintained to recover the income due to Clarissa at her death.    To this there are two answers;—the first is, that the question of title is the only one raised by the pleadings, and is in fact the only issue ; the second is, that Clarissa being entitled to the income to her own use, she was the proper person to bring such a suit while living,—and now that she is dead, if there is any surviving right of income it can be enforced by her administrator.

It is further suggested, that if this form of action cannot be maintained an amendment may be allowed; but amendments are only allowed to prevent injustice *( Redding* v. *Dodge,* 59 N. H. 98), and in this case no amendment is necessary for that purpose.

*Judgment for the defendant.*

SMITH, J., did not sit : the others concurred.