GARVIN & a. v. LEGERY.

The statutes permitting any amendment required for the prevention of gross injustice in any civil case, authorize the want of an indorsement of a writ to be remedied by such an amendment.

The question of justice, so far as it is a question of fact, is determined at the trial term.

The rights of subsequent attaching creditors are not infringed by such an amendment.

ASSUMPSIT. Personal property was attached on the writ, and subsequently the same property was attached by other creditors of the defendant. All the actions were entered at the same term. The plaintiffs' writ was not indorsed by any one. Within the first four days of the first term subsequent attaching creditors appeared, and moved to dismiss the plaintiffs' action and to quash the writ. The plaintiffs moved for leave to furnish an indorser. The plaintiffs are inhabitants of this state. The question of law, whether the plaintiffs' motion could be granted, was reserved.

*C. W Sanborn*, for the plaintiffs, cited *Farnum* v. *Bell*, 3 N. H. 72; *Pettingill* v. *McGregor*, 12 N. H. 179; *Wood* v. *Folsom*, 42 N. H. 70: *Parker* v. *Barker*, 43 N. H. 35; *Betts* v. *Hoyt*, 13 Conn. 469; *Stuart* v. *Corning*, 32 Conn. 108; *Hayford* v. *Everett*, 68 Me. 505; *Converse* v. *Bank*, 15 Me. 431; *Bartlett* v. *Lee*, 60 N. H. 168; *Leazar* v. *Cota*, 43 N. H. 81; G. L., *c.* 222, *s.* 9; Laws, 1879, *c.* 7.

*L. D. Sawyer*, for subsequent attaching creditors, cited G. L., *c.* 222, *ss.* 8, 9; *Pettingill* v. *McGregor*, 12 N. H. 179; *Russell* v. *Dyer*, 39 N. H. 528; *Smith* v. *Moore*, 17 N. H. 380, 385; *Laighton* v. *Lord*, 29 N. H. 237; *Scruton* v. *Deming*, 36 N. H. 432; *Hall* v. *Dodge*, 38 N. H. 346; *Wood* v. *Folsom*, 42 N. H. 70; *Gove* v. *Lyford*, 44 N. H. 525, 528; *Hotel Co.* v. *Redington*, 55 N. H. 386.

SMITH, J. In *Pettingill* v. *McGregor*, 12 N. H. 179, 190, Woods, J., said,—"It is not believed that the court possesses the power, where the writ is not indorsed at the time of its service, to permit a plaintiff to cause the writ to be indorsed at any subsequent period

without the assent of the defendant." In the same opinion, the court held that the writ in that case had been sufficiently indorsed by the plaintiff's attorneys. The remark of that learned judge was, therefore, not necessary to the decision of that case.

In *Brackett* v. *Bartlett*, 19 N. H. 129, it was held, upon the authority of *Pettingill* v. *McGregor*, that when the plaintiff, who resides out of the jurisdiction, sues as administrator, and afterwards takes out letters of administration, but does not indorse the writ as administrator until after the second term, leave will not be given him to indorse it. The writ in that case was seasonably indorsed by a responsible indorser.

*Farnum* v. *Bell*, 3 N. H. 72, was *scire facias* against the indorser of a writ. The *scire facias* did not allege that the defendant indorsed his name upon the original writ before it was served. *Richardson*, C. J., said,—" It is clearly required by the statute that the writ shall be indorsed before it is served. We are aware that by our practice permission is frequently given to indorse a writ after the action is entered, and we entertain no doubt of the validity of such an indorsement; for no court would in such a case permit the indorser to show that the writ was indorsed after it had been served for the purpose of avoiding his contract." Judge *Woods*, in *Pettingill* v. *McGregor*, commenting upon this remark of Judge *Richardson's*, said it had reference only to the case where the writ was originally properly indorsed, and to the well established and familiar rule of practice in such cases of allowing new indorsements of writs after entry in court; but he admitted that the language was broad enough to reach and embrace the case of a writ not indorsed at all before service, although it did not necessarily go to that extent.

*Seaver* v. *Allen*, 48 N. H. 473, was a motion to quash the writ because indorsed only by the plaintiff, who resided without the state. The motion was denied, because not made within the time limited for filing pleas in abatement, and the plaintiff was allowed to furnish a new indorser. Whether the objection, if it had been seasonably taken, could have been obviated by amendment, was left undecided. The court, citing *Pettingill* v. *McGregor* and *Brackett* v. *Bartlett*, said,—" But since those decisions were made, the construction of the statute of amendments has been growing more and more liberal, and now the language of the statute is generally taken in its ordinary and natural sense. The strict and narrow construction, by which parties were often deprived of relief which the statute was intended to give, is becoming, if it has not become, obsolete."

The indorsement of the writ is, in effect, a bond that the indorser will be responsible to the defendant for costs in certain emergencies. *Knowles* v. *Rowell*, 8 N. H. 542, 545; *White* v. *Taylor*, 48 N. H. 284. The indorser would be no more strongly bound if the language of the contract were drawn out at large.

Original writs are required to be indorsed before service by the plaintiff, or by his agent or attorney, when the plaintiff is an inhabitant of the state; otherwise, by some responsible person who is such inhabitant. G. L., *c.* 222, *s.* 8. The indorsement of the writ by a plaintiff who is an inhabitant of the state adds nothing to his liability; for costs follow the event of the action unless otherwise directed by law or by the court (G. L., *c.* 233, *s.* 1), and the indorsement of the writ by a resident plaintiff is merely a nominal matter. The poverty of the plaintiff, if a resident of the state, is no ground for requiring a new indorser; and if he sues by his next friend, his poverty is no ground for requiring a new indorser if both are inhabitants of the state. *Leazar* v. *Cota*, 43 N. H. 81.

"No writ, declaration, return, process, judgment, or other proceeding in the courts or course of justice, shall be abated, quashed, or reversed for any error or mistake where the person or case may be rightly understood by the court." G. L., *c.* 226, *s.* 8. "Amendments in matters of substance may be permitted in any action, in any stage of the proceedings," saving the rights of third persons. G. L., *c.* 226, *s.* 9. This statute was so amended in 1879 "as to permit any amendment to be made when it shall appear to the court that it is necessary for the prevention of gross injustice." Laws of 1879, *c.* 7. If there was any amendment which justice required that could not be made as the statute stood prior to 1879, it would seem that the legislature of that year, by the act above cited, intended to remove all doubt upon the subject. The statute swept away not only every technical obstacle, but every other that stood in the way of preventing injustice for want of amendment. In *Seaver* v. *Allen, supra*, it was said,—"By the amendment the defendant was placed in as good a position as he would have had if the writ had been properly indorsed at first; and thereupon the court might well refuse to entertain the defendant's motion after the time of pleading in abatement had expired." In this case the amendment, if granted, will not prevent the defendant, or subsequent attaching creditors, from making the same defence upon the merits which they could have made if the writ had been indorsed before service; nor will the plaintiffs be relieved from proving the same facts which they would have been required to prove if their writ had been seasonably indorsed. To deny the amendment is to deny the plaintiffs the opportunity to prove their claim in this suit, and perhaps to inflict upon them the loss of their debt, for a mere clerical error that does not appear to be of any equitable or practical importance; for enforcing the plaintiffs' liability for costs, the indorsement would give the defendant a cumulative remedy that may be worthless and immaterial. And if it would be valuable, there is no reason, within the wide range of the legislative purpose, why gross injustice should be done by incurability of the defect. There is no indorsement to be amended; but in whatever sense the indorsement is or is not a part of the writ, the paper on

which the writ, declaration, return, and indorsement should be inscribed is an amendable document of procedure. The strict and subtle methods of construction by which statutes of amendment have been evaded and justice turned aside, have been abandoned. Such statutes are to be construed and administered, in the humane and liberal spirit in which they are enacted, for the accomplishment of the explicitly declared legislative purpose of preventing gross injustice. Upon the true principle of the common law of amendments (*Metcalf* v. *Gilmore*, 59 N. H. 417, 433–435) which is no longer disregarded, and upon the repeated and plain expression of the legislative will which it is the duty of the court to carry into effect, it cannot be doubted that such a defect as a want of indorsement of a writ may be remedied by amendment when justice requires it to be done. The question of justice, so far as it is a question of fact, is to be determined at the trial term. *Piper* v. *Hilliard*, 58 N. H. 198; *Barker* v. *Savage*, 58 N. H. 252; *Redding* v. *Dodge*, 59 N. H. 98; *Bartlett* v. *Lee*, 60 N. H. 168, 169.

The rights of the subsequent attaching creditors would not be infringed by an indorsement made after entry of the action, as they would not be by many amendments of the writ, declaration, and return.

*Case discharged.*

BLODGETT J., did not sit: the others concurred.