GAGNON, *Adm'r.* v. CONNOR.

In a suit seasonably brought, the declaration may be amended after the time when a new action for the same cause would be barred by the statute of limitations.

The question of fact whether justice requires an amendment of a declaration, and the question of fact raised by a motion to set aside a verdict on the ground of excessive damages, are determinable at the trial term.

CASE, for personal injuries, brought within two years of the intestate's death. Laws 1879, *c.* 35. Plea, the general issue. At the trial, after the expiration of the two years, the plaintiff was allowed, subject to exception, to amend his declaration. Verdict for the plaintiff, which the defendant moved to set aside on the ground of excessive damages. The motion was denied, and the defendant excepted.

*Sulloway, Topliff & O'Connor*, for the defendant.

*Burnham & Brown* (*Joseph Le Bœuf* with them), for the plaintiff.

DOE, C. J.  In *Brigham* v. *Este*, 2 Pick. 420, the writ was abated because it contained no declaration.  The law allows an insufficient declaration to be amended for the purpose of curing a defective statement of the cause of action.  In a suit seasonably brought, the declaration may be amended after the time when a new action for the same cause would be barred by the statute of limitations.  *Merchants' Bank* v. *Stevenson*, 7 Allen 489, 490.  In that case, and in *Wiley* v. *Yale*, 1 Met. 553, 555, an amendment was denied on the ground that as a matter of fact justice did not require it.  In this case, the question of fact whether justice required the amendment, and the question of fact raised by the motion to set aside the verdict on the ground of excessive damages, were determinable at the trial term, and no error of law appears.  *Merrill* v. *Perkins*, 61 N. H. 262.

*Judgment on the verdict.*

SMITH, J., did not sit: the others concurred.