## MORGAN v. JOYCE.

The justice of an amendment changing the form of action is a question of fact determinable at the trial term.

CASE. The plaintiff excepted to the denial of his motion to amend by adding a count in debt.

*O. S. Cormier*, for the plaintiff.

*W. S. & D. R. Pierce*, for the defendant.

DOE, C. J. Exception overruled. *Wendell* v. *Mugridge*, 19 N. H. 109, 113, 114; *Baker* v. *Davis*, 22 N. H. 27, 33–35; *Piper* v. *Hilliard*, 58 N. H. 198; *Barker* v. *Savage*, 58 N. H. 252; *Redding* v. *Dodge*, 59 N. H. 98; *Edes* v. *Herrick*, 61 N. H. 60, 61; *Garvin* v. *Legery*, 61 N. H. 153; *Logue* v. *Clark*, 62 N. H. 184, 185; *Cocheco Aq. Association* v. *Railroad*, 62 N. H. 345; *Langdon* v. *Buchanan*, 62 N. H. 657, 661; *Hardy* v. *Nye*, 63 N. H. 612; *Gagnon* v. *Connor*, 64 N. H. 276; *Morse* v. *Whitcher*, 64 N. H. 591; *Gage* v. *Gage*, ante, pp. 282, 292.

CARPENTER, J., did not sit: the others concurred.

---

## AYER v. SOMERSWORTH.

The notice required before suit for damage caused by a defective highway may be given by the claimant's agent.

CASE, on the highway law, for injuries to the plaintiff's horse. The plaintiff, residing in Boston, employed Marsh, a resident of Somersworth, to keep and train the horse, and Marsh was driving it when it was injured. The affidavit stating the time and place of the accident, and the injuries, and amount of damages claimed, was made and filed by Marsh "for and in behalf of said Eugene G. Ayer," the plaintiff. The court found the affidavit sufficient, and the defendants excepted.

*W. S. & D. R. Pierce*, for the plaintiff.

*J. A. Edgerly* and *J. Kivel*, for the defendants.

DOE, C. J. "Every person sustaining damage . . . shall . . . file . . . a written statement under oath." G. L., c. 75, s. 7; Laws 1885, c. 65. The statement may be made and filed by an agent. Marsh's authority was a question of fact determinable at the trial term.

*Exception overruled.*

CARPENTER, J., did not sit: the others concurred.