Hillsborough, }
  Dec., 1899. }

### BROWN & a. v. FITZGERALD.

Whether justice requires the allowance of an amendment to an answer in equity is a question of fact determinable at the trial term.

An allegation of deceit in a sale of land is supported by evidence that the vendors, during negotiations for the purchase, made a false and fraudulent representation as to the location of a boundary line, and that the vendee relied thereon, believing it to be true.

BILL IN EQUITY, to foreclose a mortgage. The defendant's answer alleged fraud in the sale, and claimed damages, to be applied in reduction of the mortgage note. Trial by jury upon the issue of deceit. Verdict for the defendant. The defendant was allowed to amend his answer, subject to exception. The defendant's evidence tended to prove that, when negotiations for the sale were in progress, the plaintiffs, who knew where the true line was, pointed out a line some distance east thereof, and that he believed this representation to be true and relied upon it in making the purchase. The plaintiffs' motion for a nonsuit was denied, subject to exception.

*Bertis A. Pease* and *Edward H. Wason*, for the plaintiffs.

*Doyle & Lucier*, for the defendant.

PIKE, J. Whether justice required the amendment was a question of fact for the trial term. *Gagnon* v. *Connor*, 64 N. H. 276.

The defendant's evidence tended to prove that the plaintiffs had made a false and fraudulent representation to him concerning the location of the line, and that he relied on the representation. This tended to support the defendant's allegation of deceit. *Gage* v. *Gage*, 29 N. H. 533, 543; *Jones* v. *Emery*, 40 N. H. 348, 350; *Coon* v. *Atwell*, 46 N. H. 510, 513; *Messer* v. *Smyth*, 59 N. H. 41. The motion for a nonsuit was properly denied.

*Exceptions overruled.*

PEASLEE, J., did not sit: the others concurred.