## McGAHAN et al. v. ANDERSON et al.

(Circuit Court of Appeals, Fourth Circuit. February 5, 1902.)

No. 409.

1. APPEAL—BANKRUPTCY—QUESTIONS CONSIDERED.

The motion of a bankrupt to dismiss an appeal from a judgment allowing certain exemptions, for want of jurisdiction, may be denied without consideration on the merits, when the bankrupt fails to take a cross appeal.[1]

2. BANKRUPTCY COURTS—JURISDICTION—EXEMPTIONS.

The bankruptcy court given jurisdiction by Bankr. Act 1898, § 2, subd. 11, to determine all claims of bankrupts to their exemption, has exclusive jurisdiction to determine such claims, as any other rule might create a conflict of jurisdiction, and deprive the bankruptcy court of its right to determine all questions arising under the act.

3. SAME—PLEADINGS—ISSUES.

Where a bankrupt files a schedule claiming his homestead and personal property exemptions as authorized by Bankr. Act 1898, § 7, subd. 8, and the assignee, in filing his account with the court, as required by section 47, gives the estimated value of each article, as required by general order No. 17 (18 Sup. Ct. vi.), which also authorizes exceptions therefrom to be taken within 20 days, and a creditor files exceptions, and the referee certifies the question of exemptions to the court, such question may be considered without being specially pleaded.

4. SAME—EXEMPTIONS—EVIDENCE—SUFFICIENCY.

A bankrupt admitted that he began the erection of a house claimed as a homestead after July 1st, but did not make a candid disclosure as to where he received the money for its construction. He admitted that a portion thereof came from the sale of goods which were not paid for. The house was built on a lot owned by his wife, which was conveyed to him so that he could claim a homestead. An involuntary petition in bankruptcy was filed against him on October 25th, and he was declared a bankrupt within a month thereafter. Held not sufficient to show that the bankrupt was solvent, and able to pay his creditors, at the time of the construction of the house, so as to enable him to acquire it as a homestead with money taken from his business.

5. SAME—EVIDENCE—BURDEN OF PROOF.

A bankrupt claiming a homestead exemption has the burden of showing by clear and conclusive proof that he was solvent, and able to pay all claims against him, when he acquired the homestead.

6. SAME—PERSONAL PROPERTY EXEMPTION—UNPAID MERCHANDISE.

Under Const. S. C., which allows a debtor to hold personal property exempt from attachment to the amount of $500, but provides that no

---

[1] Appeal and review in bankruptcy cases, see note to In re Eggert, 43 C. C. A. 9.

property shall be exempt from payment of obligations contracted for the purchase of such property, a bankrupt is not entitled to such exemption out of the proceeds of a sale by the trustee in bankruptcy of merchandise which has not been paid for.

Appeal from the District Court of the United States for the District of South Carolina, Sitting in Bankruptcy, at Charleston.

For former opinion, see 103 Fed. 854.

P. A. Willcox (Claudian B. Northrop, on the brief), for appellants. W. F. Clayton, for appellees.

Before SIMONTON, Circuit Judge, and JACKSON and PURNELL, District Judges.

JACKSON, District Judge. It appears from the transcript of the record in this case that the bankrupt filed his petition on the 5th day of October, 1899, praying that he be adjudged a bankrupt, and that on the 18th day of November, 1899, he was adjudged a bankrupt, and at the time of his adjudication he filed a schedule of his property that he claimed as exempt under the constitution and the laws of the state of South Carolina. On the 4th day of January, 1900, the trustee set apart, as being exempted under the laws, personal property to the amount of $500 and realty to the amount of $1,000, making a total of $1,500. On January 9, 1900, exceptions were filed by creditors of the bankrupt to the report of the trustee. On January 11, 1900, the bankrupt filed a notice requiring the creditor T. R. McGahan to make exceptions more definite, and on January 15, 1900, an amendment to the exceptions was filed. On February 28, 1900, the referee made his report on the nature and character of the indebtedness of the bankrupt, under the order of the court before entered, which required him to take such further proceedings as were required by the act. On the 3d day of April, 1900, the referee filed his report upon the exceptions to the exemptions, and reported that the bankrupt was entitled to an exemption of $425 in cash, and $50 for wearing apparel, and $25 for a bicycle, making in all $500; and further reported that he was entitled to his homestead, a house and lot, valued at $1,000. Exceptions were taken to this report of the referee, and heard by the court. The court, in its first opinion, after due consideration, reached the conclusion that the bankrupt was not entitled to an exemption of $425 set apart by the referee, but was entitled to the allowance of articles of personal property of the value of $75, and to the homestead exemption of the value of $1,000. This is briefly the history of the case up to the time of the appeal, which was taken to the ruling of the court upon the questions of the two exemptions.

The first question that we shall consider is the one raised by the appellees upon their motion to dismiss this proceeding for the reason that this court is without jurisdiction. We might very well dispose of this question by stating that there is no cross appeal upon the part of the appellees to raise any such question. The only appeal from the rulings of the court disclosed by the record is that of the appellants, which we will now consider. The learned judge

well remarked that "by section 2, subd. 11, of the bankrupt act, this court has jurisdiction to determine all claims of the bankrupt to exemptions." In the nature of things, this must be so. The bankrupt court, as a necessity, must alone deal with the exemptions of the bankrupt. If any other tribunal was to intervene to determine this question, it would be the exercise of a jurisdiction, which might result in a conflict of authority, and deprive the bankrupt court of its rightful power to speedily determine all questions of law and right arising under the bankrupt act, which was clearly the intention of congress when it enacted the law. The supreme court, which was designated by the bankrupt act to promulgate certain general orders in bankruptcy, expressly prescribed in general order 17 (18 Sup. Ct. vi.) the duties of the trustee after receiving the notice of his appointment, one of which was to make a report to the bankrupt court within 20 days after receiving said notice of the articles set aside by him. We think that we may fairly infer that the supreme court would not have adopted general order 17 (18 Sup. Ct. vi.) if it had any doubt about its power and authority to do so; certainly it cannot be contended that congress, in the passage of a general bankrupt act, has not the right to determine the terms and conditions upon which a bankrupt may secure the benefit of the act. This principle has been recognized in every bankrupt act which has been passed by congress since the creation of our government. The express provision in this act which we have now under consideration makes it the duty of the trustee to set apart such property to the bankrupt as provided for under the laws of the state in which he lives as being exempt from seizure under any legal process whatever. This appears to have been done by the trustee as required by the act. It does not appear to us that it is necessary to cite any authorities to support this position, but, if any were needed, it would be found, after an examination of the case of In re Mayer, 47 C. C. A. 512, 108 Fed. 602, that it fully sustains this position, the court holding that by section 2 of the bankrupt act the courts of bankruptcy are given jurisdiction to determine all the claims of the bankrupt to their exemptions. The supreme court, in the case of Bryan v. Bernheimer, 181 U. S. 188, 21 Sup. Ct. 557, 45 L. Ed. 814, we think, fully sustains this position.

The first error assigned by the appellants is to the ruling of the court below in reference to the homestead exemption in the real estate. The learned judge below, who heard this case upon a rehearing of this question, held, in his second opinion, that the case was "not before him in such a shape that would enable him to decide it." It is to be observed that by section 7, subd. 8, of the bankrupt act, the bankrupt is required to file his claim for such exemptions as he may be entitled to. Evidently the purpose of congress in the enactment of this statute was to protect an insolvent debtor at least to the same extent that he was protected by the laws of his state, provided that the exemption claim did not exceed the amount allowed under the laws of the state in which the bankrupt lives. When the bankrupt had exercised this right under the act of congress by filing his schedule as prescribed by the act, then it

became the duty of the trustee to set aside the property specified in the exemption for the benefit of the bankrupt and his family, if any he had. As soon as the property was set apart under the claim of the bankrupt, he became invested with the title thereto free from all existing debts; but such title or claim to such exemption might be challenged, which challenge must be heard by the bankrupt court, as it alone could determine the right to the property between the bankrupt and the trustee, who alone represents the rights of the creditors in the matter. It might be otherwise if it were a contest between the bankrupt and a third party, who claimed any portion of the property set aside under the exemption, or, in fact, any other property of the bankrupt that the trustee might seek to recover from a third party. We concur with Judge Jenkins in his able opinion in the case of In re Mayer, supra, when he says undoubtedly the bankrupt court is given jurisdiction, which before the act was lodged in all the courts of general jurisdiction, to determine, if there be any dispute, as to the rights of the bankrupt under his claim of exemption. So far as this question is raised by the appellants in this case, we hold that the bankrupt court under the act possesses full and plenary power to dispose of these questions. The learned judge below in his first opinion allowed the homestead exemption, but in his subsequent opinion he held that the question of the homestead exemption was not properly before him, and could not be determined upon the exceptions to the allowance of the homestead. In this conclusion we must differ with the court below. Certainly this question has been raised by the bankrupt filing his claim and schedule of exempted property, and the action of the trustee setting aside the property claimed as exempt, and the exceptions to the action of the trustee taken by the creditors before the referee in bankruptcy, and the action of the referee and his report upon the exemptions, in which he disposes of the question certifying the whole matter to the judge of the court for his opinion. This is in strict compliance with general order 17, which requires the trustee to make his report to the court under the provisions of section 47 of the act, giving the estimated value of each article, to which report any creditor may file exceptions within 20 days after the filing of the report. This general order directs that the exceptions be argued before the referee, and at the request of either party his action shall be certified to the court for final determination. This course was pursued in this case. Not only was the question relating to the personal property, but the exemption relating to the homestead was certified to the judge of the court for his action. This certificate makes a well-defined issue founded upon the pleadings and evidence in the case, which invokes the judgment of the court. In the view that we take of this case, no necessity exists for any special pleading. The only question for the court to consider is whether or not this bankrupt is entitled to the homestead exemption that he claims. The history of how and when he acquired this property that he claims to be set apart as a homestead is fully disclosed by the evidence. In his schedule he claims the property. The trustee set it apart and assigned it

to him. Exceptions were taken to this assignment by the creditors, and the matter referred to the referee in bankruptcy, who, in an elaborate opinion, overruled all the exceptions, and approved the report of the trustee, and the referee certified his conclusions to the court for its action. We cannot agree with the conclusions of the referee in regard to either exemption. As to the homestead exemption, the evidence of the bankrupt is by no means satisfactory. He admits that he began the erection of the "house in July or August, 1899,—after July 1st." He does not make a candid disclosure as to where the money came from to build this house, but, when pressed, admitted that a part of it "came from the sale of goods which he had not paid for." He fails to disclose how much money came from the goods which he had purchased and never paid for. He alone was possessed of the information upon the subject. It was his duty, in setting up a claim to a homestead, to show by clear and conclusive proof that at the time he built the house upon the property he was in a solvent condition, and able to satisfy all the claims against him, before he could take money from his business for the purpose of securing a homestead. The fair deduction from all the evidence in this case tends clearly to prove that at the time he commenced the erection of this house he was in a failing condition, if not insolvent. He built this house upon a lot owned by his wife, and afterwards had it conveyed to himself in order that he might have it set apart as a homestead. This is a most potential fact to show that he was shaping his course to protect himself as far as possible from the consequence of bankruptcy, which the evidence tends to show was imminent at that time, for on the 25th day of October following a petition of involuntary bankruptcy was filed against him, and in less than a month he was adjudicated a bankrupt. We deem it unnecessary to discuss the evidence in detail filed in this case, but content ourselves with the conclusions that we have reached based upon all the evidence, more particularly on the evidence of the bankrupt himself.

In the view that we take of this case, we reach the conclusion that the bankrupt court has the power to dispose of this question upon the issue raised by the pleadings and the evidence as they exist in this record, and that upon the evidence and pleadings the bankrupt has no right to have the property that he claims as a homestead set aside, for the reason that we are of the opinion that he had no money that he could justly call his own at the time when he commenced to erect the building upon the lot of his wife, which was subsequently conveyed to him, as we think, for the purpose of claiming it as a homestead. Exceptions were also taken to the action of the trustee in setting apart $500 as personal property, for the reason that $425 was money which was set apart as exempted property under the law. It is true that the trustee did not set apart specific articles of property as exempt, but it appears that there was an understanding between the trustee and the bankrupt that the entire stock of goods should be sold, and that the bankrupt should receive his exemption of personal property in cash. The trustee deemed it to be for the best interest of all the creditors to do so.

and the referee approved the action of the trustee in this respect, and directed that the entire stock of goods should be sold. To this action of the referee there was an exception taken, which exception raised an issue as to the right of the trustee to sell the entire stock of goods, and to give the bankrupt $500 in cash, the amount of his exemption in·personal property. This action of the referee was not approved by the court, the court holding that only the $75, of the $500, could be set aside, and overruled the action of the referee in setting aside the $425 in cash as a personal exemption. In this conclusion of the court below we concur, for the reason that under the provisions of the constitution of the state of South Carolina money derived from the sale of merchandise on which purchase money is still due cannot be set aside as an exemption, and it would be unjust to the creditors to do so.

In the view that we take of this case it is unnecessary to pass upon the other exceptions, as the ones we have passed upon necessarily dispose of the two exemptions claimed by the bankrupt. For the reasons assigned, we are of the opinion that so much of the judgment of the court below as holds that the bankrupt court has not the power to dispose of the question of the homestead exemption be reversed. This court holds that it has such power, but is of the opinion that the bankrupt is not entitled, under the pleadings and evidence in this case, to the homestead exemption of the house and lot claimed by the bankrupt in Schedule B. The court is further of the opinion that the exception to the judgment of the court below as to the personal exemption of $500 should be overruled, this court holding that the allowance of $75 as a personal exemption, and the disallowance of $425, is correct.

For the reasons assigned, we are of the opinion that the judgment of the court below be reversed, and this cause remanded to that court, with direction to conform its action to the judgment of this court. Reversed.