CANNON v. DEXTER BROOM & MATTRESS CO.

(Circuit Court of Appeals, Fourth Circuit. February 10, 1903.)

No. 459.

1. BANKRUPTCY—EXEMPTIONS—LAWS OF SOUTH CAROLINA.

A bankrupt in South Carolina, the laws of which state provide that a debtor shall not be entitled to a personal property exemption out of the property or the proceeds of property for which he has not paid the purchase money, cannot have the proceeds of merchandise for which he has not paid set apart to him as exempt.

Boyd, District Judge, dissenting, on the ground that it did not appear that the claims of the objecting creditors were for purchase money of the goods.

Appeal from the District Court of the United States for the District of South Carolina, in Bankruptcy.

F. W. Willcox, for appellant.

W. F. Clayton, for appellee.

Before GOFF, Circuit Judge, and PURNELL and BOYD, District Judges.

PURNELL, District Judge. On February 18, 1901, appellant filed a petition in bankruptcy, and was adjudged bankrupt the same day.

On the 4th day of January, 1902, the trustee set aside, as a personal property exemption under the laws of South Carolina, specific personal property valued at $50 and $450 in cash, proceeds of sale of merchandise. To this allowance creditors excepted, on the ground it did not appear that the stock of goods had been paid for; hence the bankrupt was not entitled to his personal property exemption from the proceeds of sale thereof. The District Court, sitting in bankruptcy, sustained the exception to the allowance of the exemption mentioned, and this action of that court is the only question presented in the record now before us.

Section 6 of the bankrupt act of 1898 [U. S. Comp. St. 1901, p. 3424], provides:

"This act shall not affect the allowance to the bankrupts of the exemptions which are prescribed by the state laws which are in force at the time of the filing of the petition in the state wherein they have had their domicile," etc.

Exemptions must, therefore, be regulated by the state law. The laws of South Carolina provide that a debtor shall not be entitled to a personal property exemption out of property or the proceeds of property for which he has not paid the purchase money. The referee found as a fact, which finding was affirmed by the District Judge, that the stock of merchandise out of the proceeds of which the bankrupt was allotted his personal property exemption had not been paid for, and the bankrupt himself testified that the purchase money for the stock of goods had not been paid. So it does not affirmatively appear that the purchase money had been paid, but it does appear that the bankrupt was not in a position to avail himself of the provisions of the laws of the state.

In the case of McGahan v. Anderson, 51 C. C. A. 92, 113 Fed. 115, the question as to the personal property exemption was identical with the one at bar, and the court, speaking through Judge Jackson, in that case concurs with the court below—

"For the reason that under the provisions of the Constitution of South Carolina money derived from the sale of merchandise on which the purchase money is still due cannot be set aside as an exemption, and it would be unjust to the creditors to do so. * * * The court is further of the opinion that the exception to the judgment of the court below as to the personal property exemption of $500 should be overruled; this court holding that the allowance of $75 as a personal property exemption and the disallowance of $425 (proceeds of sale of merchandise upon which the purchase money had not been paid) is correct."

We see nothing in the case which distinguishes it from McGahan v. Anderson, and no reason why the rule therein laid down should not apply.

The judgment of the court below is therefore affirmed.

BOYD, District Judge (dissenting). The appellant, who was a merchant at Florence, S. C., was adjudged a bankrupt on the 18th of February, 1901. He filed his petition for an allotment of exempted property, and the trustee set apart to him clothing and other articles, valued at $50, and the cash proceeds of the sale of the stock of mer-

chandise, $450, making $500. On the filing of the report of the allotment, the appellee, the Dexter Broom & Mattress Company, filed an exception to the report of the referee as to the allotment of the $450 from the sale of the stock of merchandise; the ground of the exception being that the goods from which the exemption was made were sold to the said bankrupt by the said Dexter Broom & Mattress Company and other creditors, and had not been paid for, and that the bankrupt had exhausted his right to exemption because of his failure to turn over to the trustee, as shown by his books, a sum in excess of the amount allowed by law, and secreted the same from the trustee. The District Court, sitting in bankruptcy, sustained this exception, and held that the bankrupt could not claim the personal exemption of $450 from the proceeds of the sale of the stock of goods as against the Dexter Broom & Mattress Company, because the goods had not been paid for. The bankrupt appealed to this court.

The only testimony taken upon the question presented by the exception of the appellee for personal exemption made to the bankrupt was the evidence of the bankrupt himself, and the only part of the testimony which refers directly to the question as to whether or not the goods he had in the store at the time of the bankruptcy were paid for is as follows:

"Q. Were the goods you had in stock paid for at the time you went into bankruptcy? A. Some were, and some were not. Q. Why is it, then, you were indebted $3,000? A. I think most of those I had were paid for. I could not tell positively."

The books of the bankrupt were produced, and showed some irregularities in the entries, and it was suggested that there was $500 in money, as shown by the books, not accounted for by the bankrupt to the trustee and turned over to the latter. While the books appear to have been badly kept, and some of the entries are incongruous, it is not sufficient, upon the face of them, to warrant the conclusion that the bankrupt withheld any of his estate from the trustee, especially in view of the fact that he states in his testimony that the books were kept by several persons, that sometimes entries got on the wrong side, and that he had not withheld any property.

However, this is not the important point in the case; the principal question being as to whether the bankrupt was entitled to have allotted to him, as part of his personal exemption, $450 from the proceeds of the stock of goods on hand at the time of the adjudication. The appellee objected on the ground that the goods had not been paid for. The only evidence in the case was that some of the goods were paid for and some were not; that, in the opinion of the witness, the most of those on hand at the time had been paid for. But, whether it be true that the goods were paid for or not, can it avail the creditor who intervenes in the matter in successfully opposing the allotment? Neither the Dexter Broom & Mattress Company nor any other creditor offered testimony to show that any of the goods the bankrupt had in stock were sold by them. On the other hand, the referee reports that they had ample opportunity of designating such, if any, before the sale, which they did

not do. Indeed, it does not appear from the testimony in the record that the bankrupt ever bought any goods from the Dexter Broom & Mattress Company.

The provision of the South Carolina law that property should not be held as exempted against the purchase money is evidently intended for the benefit of the person to whom the purchase money is due; for it would be palpably unjust to permit one to buy property of a person, and then, when the seller undertook to collect the purchase money, to allow the purchaser to retain the property as exempted against the claim. But it is not consistent with the purposes of exemption laws to hold that property not paid for cannot be exempted as against any creditor. The proceeding provided under the laws of the state of South Carolina by which property can be pursued for the purchase money indicates very plainly that the intention of the exemption act is to protect the person from whom the property was bought. In a suit for the purchase money of property, that fact is ascertained in the trial, and thereupon, when the execution is issued, a certificate accompanies it, describing the particular property liable for its satisfaction; and in the case of McNair v. Moore, 64 S. C. 82, 41 S. E. 829, the contention that the claim of the homestead could not prevail as against the plaintiff's debt was not sustained, for the reason that the debt was not contracted for the purpose of purchasing the property in which the homestead was claimed, and for no other purpose, but it appeared that the said debt was contracted, in part at least, for other purposes.

In this case, as before stated, there is no evidence whatever that any part of the stock of goods from which the bankrupt's exemption was allotted was purchased from the excepting creditors. Consequently the purchase money for the goods was not due to them, no matter how much in debt the bankrupt may have been. If the creditors desired to pursue the goods for the purchase money, the referee states that they had the opportunity to offer evidence to show that they sold the goods to the bankrupt, and that the debt which they claimed was for the purchase money. Proof of these facts would have settled the case beyond controversy; but the proof was not given. It would destroy the effects of the exemption laws to hold that, because a person is in debt, the exemption cannot be had, for exemption laws are intended for the benefit of debtors. Under the facts in this case, the allotment of exempted property made by the trustee should have been confirmed by the District Court, and there was error to set it aside.

These views are in entire harmony with the opinion in McGahan v. Anderson, 51 C. C. A. 92, 113 Fed. 115; for in that case, which came also from South Carolina, this court concurred in one of the conclusions of the court below—

"For the reason that, under the provisions of the Constitution of the state of South Carolina, money derived from the sale of merchandise, on which purchase money is still due, cannot be set aside as exemption, and it would be unjust to the creditors to do so."

It would be a strange construction to say that the creditors referred

to in this decision were other than those holding the claim for the purchase money of the identical goods claimed as exempted. Therefore I think that the decree of the bankruptcy court should be reversed.