### In re BAILES.

(District Court, D. South Carolina. December 21, 1909.)

BANKRUPTCY (§ 398*)—EXEMPTIONS—SOUTH CAROLINA STATUTE.

Under the provisions of the Constitution of South Carolina (Const. art. 3, § 28), which entitles a debtor to a personal property exemption of $500, except from "payment of obligations contracted for the purchase of such

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

homestead or personal property exemption," as construed by the Supreme Court of the state, which governs in determining the right of a bankrupt to the exemption, an indebtedness for borrowed money used in the purchase of the property claimed is not an obligation contracted for its purchase, and does not defeat the right of the bankrupt to the exemption.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 676–677; Dec. Dig. § 398.*]

In the matter of Elbert L. Bailes, bankrupt. On review of order of referee denying bankrupt's claim to a homestead exemption. Reversed.

Lambert W. Jones, for creditors.
Blease & Dominick, for bankrupt.

BRAWLEY, District Judge. The referee disallowed the homestead exemption claimed, because, as stated in his report, the funds in hand consist entirely of the proceeds of a stock of goods which had not been paid for, upon the authority of McGahan v. Anderson, 113 Fed. 115, 51 C. C. A. 92, and Cannon v. Dexter Broom Company, 120 Fed. 657, 57 C. C. A. 119; but upon the petition for review it was stated that the referee refused to allow the bankrupt to offer testimony which the bankrupt was prepared to offer, which testimony would have shown that there was in said stock of merchandise on the 3d day of December, 1908, goods and merchandise of the value of $1,347.80, which could be identified as having been a part of the stock, and which had been paid for in full. I was of opinion, and so stated in the order then made, that if the bankrupt could prove satisfactorily that there were goods and merchandise in his stock which had been fully paid for, the rule laid down in the Anderson and Cannon Cases would not apply. The petition was referred back to the referee, with directions to allow Bailes to offer testimony in support of the allegations set up in his petition for review, and the case is now before me upon a second report of the referee and the testimony taken by him.

It appears from this testimony that Elbert L. Bailes, the bankrupt, testifies that this stock of merchandise was purchased at the sale made under orders of this court by his brother, and that since that time he has been in charge of it, and he swears that at the time of the sale there was a considerable quantity of merchandise in the stock of goods which had been fully paid for long before the bankruptcy proceedings were instituted, and that there was, at the time when his testimony was taken, such merchandise amounting in value to considerably more than $500, the amount of the personalty exemption claimed. This testimony has not been contradicted, and therefore must be taken upon this hearing as true; but the referee has disallowed the homestead exemption, and the case is again before me upon the petition to review his finding.

The referee reports that the bankrupt began business in the year 1906 by borrowing $5,000 from his wife, that during all the time that he continued in business he was indebted to her and to other creditors from whom he bought merchandise, and that the note for $5,000 given to his wife has been proved as a claim against the bankrupt estate,

which will pay possibly a little more than 30 cents on the dollar of his indebtedness; but it appears from the testimony that in January, 1907, he had on hand a stock of goods of the value of $7,000, that his indebtedness to merchandise creditors was less than $1,000, and the claims of the merchandise creditors proved in this case were, with slight exceptions, all contracted subsequent to January, 1907, so it seems to be established that in January, 1907, he had on hand merchandise which had been paid for in full to an amount considerably more than $5,000.

It is true, as found by the referee, that he was continuously in debt from the time he commenced business until its disastrous conclusion, and it is not surprising, therefore, that the moral sense of the referee is shocked, when a man who has lived for two or three years at the expense of his creditors, and whose estate will only pay about 30 cents on the dollar of his indebtedness, should claim $500 as an exemption and receive a full discharge of his debts; but the court is not concerned with the wisdom or justice of the homestead exemption law, and it is to be governed in such matters by the laws of the state. They declare that every head of a family shall be entitled, as a homestead exemption, to personal property of the value of $500, with a proviso that there shall be no homestead exemption from "payment of obligations contracted for the purchase of said homestead or personal property exemption."

The Supreme Court of South Carolina in McNair v. Moore, 64 S. C. 82, 41 S. E. 829, has decided that money borrowed and applied to the payment of the purchase price of land bought of a third party is not a contract for the purchase money of the land in the sense of the Constitution. There was a like decision under a similar provision of the old Constitution in Calmes v. McCracken & Koon, 8 S. C. 97, where Calmes borrowed from Koon the money which paid the cash portion of the purchase money of land which he subsequently claimed as a homestead. It was contended in that case that the note given by Calmes to Koon was "an obligation contracted for the purchase of said homestead." The court held that this was not supported by the letter or the spirit of the Constitution; that Koon was in no wise a creditor by reason of any contract for the purchase, and it is only in favor of such a creditor that the constitutional exemption can apply, saying that the proviso which excludes the right of homestead "was a provision for the benefit of the vendor, for without it, if the purchase money was not paid or secured to be paid, a judgment which he might afterwards recover on the debt so created might be defeated by the interposition of the right of homestead by the debtor."

These decisions by the Supreme Court of South Carolina, interpreting the Constitution of this state in a matter of purely domestic concern, will be followed by the courts of the United States; and, assuming that the goods claimed as homestead exemption had been paid for out of the moneys borrowed from the wife, they seem to be conclusive that this indebtedness to the wife is not a bar to the homestead exemption. As matter of course, the wife is not here objecting to the allowance of the homestead exemption.

It is therefore ordered and adjudged that the report of the referee disallowing the exemption be reversed, and that the trustee do pay over to Elbert L. Bailes, out of the moneys in his hands, the sum of $500 as a homestead exemption of personalty.