## MULLINIX v. SIMON.

(Circuit Court of Appeals,. Eighth Circuit. March 30, 1912.)

No. 118.

BANKRUPTCY (§ 396*)—EXEMPTIONS—TIME—EXEMPTIONS AS AGAINST DEBTS FOR PURCHASE MONEY.

Bankruptcy Act July 1, 1898, c. 541, § 6, 30 Stat. 548 (U. S. Comp. St. 1901, p. 3424), provides that the bankrupt's right to exemptions is referable to the conditions existing "at the time of the filing of the petition." Const. Ark. art. 9, §§ 1, 2, after providing that personal property of the amount of $500 belonging to any man the head of a family shall be exempt, declares that no property shall be exempt from execution for debts contracted for the purchase money "while in the hands of the vendee." *Held*, that where merchandise, unpaid for, was in the hands of the bankrupt at the time of the intervention of bankruptcy proceedings, and was afterwards sold by the trustee, reserving to the bankrupt the right to assert his claim to exemption against the proceeds of sale, instead of against the specific articles sold, the same constituted an administrative proceeding, and did not take the property out of the hands of the vendee. so as to defeat the operation of the Arkansas Constitution.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 659–668, 670; Dec. Dig. § 396.*]

Petition to Revise Order of District Court of the United States for the Eastern District of Arkansas.

In the matter of bankruptcy proceedings of Sam Simon, bankrupt. Petition by F. C. Mullinix, trustee, to review an order for an exemption of $500 out of the proceeds of a sale of the bankrupt's property. Petition sustained. Judgment awarding exemption set aside.

John R. Turney, for petitioner.

Before SANBORN, ADAMS, and CARLAND, Circuit Judges.

ADAMS, Circuit Judge. The trustee of the estate of Sam Simon, in bankruptcy, brings this original proceeding to revise an order made by the court below, allowing the bankrupt to select and retain $500 in money as his exempt property. In due time after the institution of the proceedings, the bankrupt selected certain specific articles of merchandise as exempt. The referee, upon representation that the withdrawal of those items from the stock of merchandise would impair its salability as a whole, ordered the entire stock, including the articles claimed to be exempt by the bankrupt, to be sold, with the reservation to the bankrupt of the right to assert his claim of exemption against the proceeds of the sale in lieu of the specific articles selected by him. Afterwards the trustee, conceding that the stock had not been paid for by the bankrupt, resisted his claim to $500 in money out of the proceeds of the sale, because it was a—

"part of the proceeds of the sale of personal property, the purchase price of which was not paid, and which purchase price has been passed and allowed as a claim upon the assets of the bankrupt."

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The special master, to whom the matter was referred, and the court below on a review of his action, held that the contention of the trustee was untenable, because, in the language of the master, the—

"property of the bankrupt was all sold by the trustee, and this passed the property out of the possession of the bankrupt."

The facts are stated affirmatively in the petition before us, and, not being controverted by any denial or response. must be taken for the purposes of this case to be true.

The Constitution of Arkansas (article 9, §§ 1 and 2), after ordaining that personal property of the amount of $500 belonging to any man the head of a family should be exempt from sale on execution, contains the following proviso:

"That no property shall be exempt from execution for debts contracted for the purchase money thereof, *while in the hands of the vendee*." Friedman Bros. v. Sullivan, 48 Ark. 213, 2 S. W. 785.

The decisive question for our determination is: Did the sale of the stock of goods by the trustee and the conversion of part of it into the $500 in question so "take the same out of the hands of the vendee" as to defeat the operation of the constitutional proviso.? We think it did not. The bankrupt's right to such exemptions as are permitted by state laws is referable to the condition of things as they existed "at the time of the filing of the petition." Section 6 of the Bankruptcy Act. At that time the title to his stock of merchandise was in the bankrupt, and the property was undoubtedly in his hands "as vendee."

The sale subsequently made by the trustee was an administrative proceeding resorted to by direction of the referee for the best interest of all concerned. The bankrupt accepted the provision made in his behalf and permitted his exempt property to pass to the purchaser with the distinct understanding that his rights of exemption should attach to the proceeds of sale in lieu of the specific articles chosen by him. In such circumstances the proceeds of sale stood, so far as the bankrupt's right of exemption is concerned, exactly in the place and stead of the specific articles selected by him. The proceeds stood as a substitute for the articles so selected, and whatever limitation or infirmity affected his right to those specific articles affected his right to their substitute, the cash. Those articles not having been paid for, it is not claimed they would have been exempt under the laws of Arkansas. Neither, in our opinion was their substitute, the cash, exempt. Neither of them had passed out of the hands of the bankrupt, the "vendee" within the meaning of the constitutional proviso. McGahan v. Anderson, 51 C. C. A. 92, 113 Fed. 115; Cannon v. Dexter Broom & Mattress Co., 57 C. C. A. 119, 120 Fed. 657.

The petition to revise is therefore sustained. The judgment of the District Court is set aside, and that court is directed to enter an order denying the bankrupt's claim of exemption.