In re PHILLIPS et al.

(District Court, W. D. Washington, N. D. November, 1913.)

No. 5,147.

BANKRUPTCY (§ 398*)—EXEMPTIONS—WASHINGTON STATUTE.

Rem. & Bal. Code Wash. § 563, provides for the exemption to a debtor who is a householder, in addition to wearing apparel and household goods, of live stock, etc., or other property to be selected in lieu thereof to the value of $250, and, if a mechanic, of his tools, and material used in his trade not exceeding in value $500, but further provides that no property shall be exempt from execution issued on a judgment for the price thereof nor from execution for clerks', laborers', or mechanics' wages earned in the state. Bankrupt, a householder, conducted a tailor shop, but the material on hand therein at the time of the bankruptcy was not paid for, and he also owed wages to his workmen. *Held*, that under Bankr. Act July 1, 1898, c. 541, § 47a(2), 30 Stat. 557 (U. S. Comp. St. 1901, p. 3438), as amended by Act June 25, 1910, c. 412, § 8, 36 Stat. 840 (U. S. Comp. St. Supp. 1911, p. 1500), which vests the trustee as to property in the custody of the court with all the rights, remedies, and powers of a creditor holding a lien by legal or equitable proceedings thereon, the bankrupt was not entitled to any exemption from the stock of material on hand, nor to an ex-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

emption of his tools, except on condition of his paying the claims for wages.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 676, 677; Dec. Dig. § 398.*]

In the matter of Gordon Phillips, bankrupt. On claim of the bankrupt and the community composed of the bankrupt and Lulu Phillips, his wife, for exemptions. Order of referee modified and affirmed.

Ben L. Moore, of Seattle, Wash., for bankrupts.

Leopold M. Stern, of Seattle, Wash., for trustee.

NETERER, District Judge. It appears from the records and files that prior to the 1st day of July, 1912, one Joseph Diener had been engaged in the tailoring business, and on said day associated with him, as a copartner, Gordon Phillips, the bankrupt, and transferred to the copartnership of Diener & Phillips all of the materials, etc., in his possession and delivered the same to said firm. The firm assumed and agreed to pay the indebtedness of the said Diener. On the 27th day of June, 1913, Diener and Phillips dissolved partnership; Phillips assumed all of the indebtedness of the copartnership and took all of the interest of the said Diener in the firm assets and business, including the tools. It also appears that the indebtedness of the copartnership was approximately $5,000; that the stock and materials in the possession of the bankrupt owned by the copartnership, some of which were materials delivered to the copartnership by Diener, had never been paid for. The bankruptcy petition was filed on the 27th day of September, 1913. The bankrupt claimed as exempt certain life insurance policies, all of the household goods and wearing apparel, also, certain other properties in lieu of the specific articles and property named in subdivision 4 of section 563, Rem. & Bal. Code, amounting to the sum of $250, also, tools and instruments used to carry on a tailor's trade for the support of himself and family, and materials used in his trade, claimed as exempt under subdivision 6 of section 563, Rem. & Bal. Code, amounting to the sum of $430.71. It further appears that labor claims and wages due workmen, clerks, and servants to the amount of $85.56 are unpaid.

The trustee in bankruptcy has filed exceptions to the claim of the bankrupt denying his right to the exemptions of any of the property other than the life insurance policy, household goods, and wearing apparel. The claim was submitted to the referee in bankruptcy, who rendered a decision in which exemptions claimed by the bankrupt were disallowed, except as to the insurance policy, household furniture, and wearing apparel. A petition for a review has been filed and presented to the court.

Section 569, Rem. & Bal. Code, provides:

"The proceeds or avails of all life and accident insurance shall be exempt from all liability for any debt."

Section 563, Rem. & Bal. Code, is as follows:

"The following property shall be exempt from execution and attachment, except as hereinafter provided: (1) All wearing apparel of every person and

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

family. * * * (3) To each householder, one bed and bedding, and one additional bed and bedding for each additional member of the family, and other household goods and utensils and furniture not exceeding five hundred dollars, coin, in value. The other household goods and utensils and furniture specified above shall on the demand of the officer having the execution or attachment in hand, be selected by the husband, if present, if not present they shall be selected by his wife, and in case neither husband or wife, nor other person entitled to the exemption by having the description of a householder, shall be present to make the collection, then the sheriff shall make a selection of the household goods, utensils and furniture equal in value to said five hundred dollars, and shall return the same as exempt by inventory, and such selection by the sheriff or other person described above shall be prima facie evidence,—1, that such household goods, utensils, and furniture are exempt from execution and attachment; 2, that the value of the property so selected is not over five hundred dollars. (4) To each householder, two cows, with their calves, five swine,. two stands of bees, thirty-six domestic fowls, and provisions and fuel for the comfortable maintenance of such householder and family for six months: Provided, that in case such householder shall not possess or shall not desire to retain the animals above named, he may select from his property and retain other property not to exceed two hundred and fifty dollars, coin, in value. The selection in the proviso mentioned .shall be made in the manner and by the person and at the time mentioned in subdivision three, and said selection shall have the same effect as selections made under subdivision three of this section. * * * (6) To a mechanic, the tools and instruments used to carry on his trade for the support of himself and family, also material used in his trade, not exceeding in value five hundred dollars in coin."

It is contended that the interest of the bankrupt in the firm had been severed, and that the property thereby became his individual property, and the right of exemption would attach. 12 Am. & Eng. Enc. (2d Ed.) 157, and cases cited in notes; Goudy v. Werbe, 117 Ind. 154, 19 N. E. 764, 3 L. R. A. 114; Bates v. Callender, 3 Dak. 256, 16 N. W. 506; In re Bjornstad, 3 Fed. Cas. 1,453; Fairfield Shoe Co. v. Olds, 176 Ind. 526, 96 N. E. 592.

The findings of the referee show that none of the materials claimed as exempt have been paid for. Under the record in this case, such finding must be treated as a fact. Subdivision 14, § 563, Rem. & Bal. Code of Washington, provides:

"* * * But no property shall be exempt from execution issued upon a judgment for the price thereof, or any part of the price thereof. * * *"

Section 564 provides:

"No property shall be exempt from execution for clerk's, laborer's or mechanic's wages earned within this state."

The trustee under section 47 and kindred provisions of the Bankruptcy Act is vested with all the rights, powers, and remedies of a creditor holding a lien by legal or equitable process on property in his custody. I think this holding on behalf of creditors by the trustee operated with the same effect under the Washington statute, supra, as a levy made under execution. From this conclusion it must follow that the bankrupt is not entitled to any of the property claimed which has not been set aside and apart to him as exempt as against unpaid wages or for materials which have not been paid for. In re Campbell (D. C.) 124 Fed. 417; Mullinix v. Simon, 196 Fed. 775, 116 C. C. A. 399; In re Tobias (D. C.) 103 Fed. 68; In re Bailes (D. C.) 176 Fed.

460; McGahan v. Anderson, 113 Fed. 115, 51 C. C. A. 92; Cannon v. Dexter, 120 Fed. 657, 57 C. C. A. 119; In re Boyd (D. C.) 120 Fed. 999.

I think upon the record in this case that the tools and instruments used to carry on the debtor's trade for the support of himself and family have been sufficiently severed from the partnership to vest in him an individual ownership and give him the right of exemption, save only as to the unpaid wages. The bankrupt may pay the wages due to employés within five days and have delivered to him the tools and instruments used by him in his trade. On failure, the decision of the referee will stand affirmed.