## LEE LUN *v.* WILLIAM HENRY.

EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.

ARGUED MAY 26, 1914.        DECIDED JUNE 16, 1914.

ROBERTSON, C.J., WATSON, J., AND CIRCUIT JUDGE WHITNEY IN PLACE OF QUARLES, J.

BANKRUPTCY—*Act of 1898—jurisdiction to determine debtor's claim for exemptions.*

The adjustment of the debtor's claim for exemptions is a matter which pertains to the administration of the bankrupt estate over which the court in which those proceedings are pending has exclusive jurisdiction.

SAME—*trover for property claimed as exempt.*

As a predicate to the right to maintain trover for the conversion of property claimed as exempt the bankrupt must first show that the property with respect to which he seeks to prosecute his action has been determined by the court in which he was adjudicated a bankrupt to be exempt property.

EXEMPTIONS—*burden of proof.*

The burden of proving the exemption is on the party claiming it and his right thereto must be shown by conclusive proof.

## OPINION OF THE COURT BY WATSON, J.

Trover for the conversion of three sewing machines claimed by plaintiff as exempt under section 1831 of the Revised Laws of the Territory. The taking was admitted. Defendant justified as high sheriff of the Territory of Hawaii under a writ of attachment against the plaintiff, the validity of which writ was not questioned. The parties were at issue to the court, trial by jury being waived, and upon the close of the plaintiff's case the defendant moved for a nonsuit on the grounds (1) that the court was without jurisdiction in that the title to said property was and is in the United States district court sitting in bankruptcy, and all questions concerning the same are within the exclusive jurisdiction of that court; (2) that the plaintiff had not proved any value of any article; (3) that there was no evidence that said articles were exempt from levy and sale under execution. The court granted the motion, expressly predicating its ruling upon the first ground stated in the motion. To the order granting the motion for nonsuit, the judgment entered thereon and the written decision of the court, thereafter filed, plaintiff duly excepted. The transcript of evidence is not made a part of the bill of exceptions but the facts, as expressly found by the court below and incorporated in the decision, which is made a part of the record here, are as follows: "That the plaintiff was on the 19th day of August, 1913, and had been for many years prior thereto, a tailor in Honolulu, that on said day, the defendant who was then, and now is, the High Sheriff of the Territory, levied upon and took into his possession, under a writ of attachment, about the validity of which writ no question is raised, certain chattels belonging to the plaintiff, among which chattels were three Singer sewing machines of the value of $25.00 each. When this attachment

Lee Lun v. Henry, 22 Haw. 165.

was levied, the defendant had in his possession four sewing machines, which were used in his business, as a tailor. These machines were, in the main, operated by journeymen tailors, but the defendant would, at times, use one of them himself in his business, and the evidence is that he could not carry on his business, as it was usually conducted, at a profit which would afford him a living, with less than that number of machines. The defendant, proceeding upon the theory that only one machine was exempt to the plaintiff, levied upon and took into his possession, as before stated, the other three. It appears that on November 8th, 1913, and on the day following, said machines still being in the custody of the defendant, the plaintiff made demand upon him for the return of the same, which demand was refused. The demand, so made, was based upon the ground that the machines in question were exempt as the tools or implements of a mechanic or artisan, namely, the trade of a tailor, under Par. 3, Sec. 1831, Rev. Laws. It further appears that on the 20th day of August, following the levy of said attachment, the plaintiff was adjudged a voluntary bankrupt. In his schedules, which were filed with his petition in bankruptcy, he made no claim of exemption for any of the machines herein mentioned. It does appear, however, and is not disputed, that at the first meeting of the bankrupt's (plaintiff's) creditors, held in conformity with the practice in bankruptcy, permission was asked of the Referee, before whom said meeting was held, for leave to amend the schedules (Schedule B. (5) 1) by making a claim of exemption for all of said machines, on the ground before stated, which leave was granted, the amendment being then and there made in pencil. Thereafter, at the suggestion of the Referee, a formal motion in writing was made, asking that the schedules be amended in the particular referred to, and this having been done, the Referee, with the consent of the Trustee in Bankruptcy, made a formal order in writing on the 22nd day of October, 1913, 'that

said Schedule B (5) 1, do stand amended as prayed in the fore-going motion.' It also appears, that after demand had been made upon the defendant for the return of said machines, the Trustee in Bankruptcy, upon his own motion, made an order setting apart one of said four machines to plaintiff and denying the claim made in his said schedule, as amended, to exemption of the other three. It was admitted that no steps had been taken by plaintiff to have said machines set apart to him as exempt, in the bankruptcy proceedings, and that no appeal had been prosecuted by him from said order of the Trustee."

The sole question presented by the exceptions is whether the lower court erred in granting the defendant's motion for a non-suit. Counsel for appellant concedes in his brief that unless the sewing machines, the conversion of which is sued for, were and are, in fact, exempt the plaintiff's case must fall. He thereupon cites numerous authorities in support of his contention that such articles were and are exempt and argues that a determination of that question is essential. That point was not passed upon by the lower court, and under the exceptions, as presented in this court, is not properly before us. The only question raised by the exceptions is whether or not the court below erred in granting the motion for nonsuit. In other words, the important question as presented by the exceptions is, not whether, in fact, the sewing machines are exempt under the territorial law, but whether the lower court erred in holding that it was without jurisdiction to pass on that question. Appellant's counsel relies on the case of *Lockwood* v. *Exchange Bank,* 190 U. S. 294, as supporting his contention that this action may be maintained. That case is controlling authority to the effect that title to exempt property of a bankrupt under the Bankruptcy Act of 1898 does not pass to the trustee and remains in the bankrupt, but that leaves open the very point here in issue, to wit, the manner in which the bankrupt's exemptions shall be determined and set apart and what court has jurisdiction of such a proceeding.

The *Lockwood* case has been often cited by the bankruptcy courts in construing the Bankruptcy Act of 1898 and the effect of the holding in that case deduced by the federal courts has been thus stated: In *In re Strickland,* 167 Fed. 867, 869, the court says: "In *Lockwood* v. *Exchange Bank,* 190 U. S. 294 * * * it was held that a trustee in bankruptcy acquires no title to exempted property save that which is incident and necessary to his duties to the estate and to the bankrupt in setting it aside." In *In re Soper,* 173 Fed. 116, 117, it is said: "The trustee was in possession of such articles prior to the time of making his report, but upon setting them aside as exempt the title to them was no longer in the estate of the bankrupt. *Lockwood* v. *Exchange Bank,* 190 U. S. 294. The trustee was entitled to possession only until he ascertained that such articles were exempt and thereupon it became his duty to deliver such articles to the bankrupt." We think the above excerpts constitute a correct exposition of the holding in the *Lockwood* case, where, on page 299, after having set out the provisions of the Bankruptcy Act of 1898 relating to exemptions, the manner of determining the claims of bankrupts thereto, etc., the court said: "The fact that the Act of 1898 confers upon the court of bankruptcy authority to control exempt property in order to set it aside and thus exclude it from the assets of the bankrupt estate to be administered affords no just ground for holding that the court of bankruptcy must administer and distribute, as included in the assets of the estate, the very property which the act in unambiguous language declares shall not pass from the bankrupt or become part of the bankruptcy assets." In the *Friedrich* case, decided in the circuit court of appeals of the seventh circuit and reported in 100 Federal Reporter, on page 284, Circuit Judge Jenkins, speaking for the court (p. 285), says: "That Act (Bankruptcy Act, 1898, section 7, subd. 8) provides that a voluntary bankrupt shall with his petition file 'a claim for such exemptions as he may be entitled to' * * * and provides by sec. 47, subd. 11 that the trustees shall

'set apart the bankrupt's exemptions and report the items and estimated value thereof to the court as soon as practicable after their appointments.' The act thus clearly indicates that the severance in fact of exempt property from the general estate is to be made by the trustee, not by the debtor, and the value of that so severed is to be determined in the first instance by the trustee, not by the debtor. The bankrupt law allows to debtors the exemptions provided by the law, but the manner in which the exemptions are to be claimed, set apart and awarded is regulated by the bankrupt act." "While a bankrupt's right to exemptions must be deduced from the state law, it can be made available only in the manner prescribed by the bankruptcy act of July 1, 1898, etc." *Lipman* v. *Stein,* 134 Fed. 235. "While the exemption right in the goods in hand depends upon the statutes of Washington, as has already been said, the manner of claiming such exemptions and of setting apart and awarding them is regulated by the bankruptcy act." *In re Gerber,* 186 Fed. 693, 699, citing *In re Friedrich, supra; In re Mayer,* 108 Fed. 599. In the *Mayer case,* last cited, the court held that title to all property vests in the trustee *sub modo,* subject to such exemptions as shall be finally awarded, and in *In re Mastbaum,* Fed. Cas. No. 9265, it was held that the exemption under the fourteenth section of the Bankruptcy Act of 1867 is not allowable until the bankrupt has passed his last examination. "The exemptions provided by the law of the State are allowed by the bankruptcy act, but the manner of claiming such exemptions and setting apart and awarding them is regulated by the bankruptcy act." *In re Kane,* 127 Fed. 552, 553. "The bankruptcy court has exclusive jurisdiction to determine the claims of the bankrupt to exemptions." *In re McCrary Bros.,* 169 Fed. 485, 486; *McGahan* v. *Anderson,* 113 Fed. 115; *In re Overstreet,* 2 Am. B. R. 486. "The general grant of power relative to the setting off of exemptions will be found in §2 (11). When the exemption has been set apart by the trustee and he has reported it to the court for its approval, and when

approved and·the bankrupt's right to it has been finally deter-
mined,· the property embraced in the exemption ceases to be a
part of the assets to be administered by the court in connection
with the bankrupt's estate." Collier on Bankruptcy, 6 ed., 93.
Where property claimed to be exempt is attached in a state
court, such property may be held under the attachment until it
is determined in bankruptcy proceedings what part of the at-
tached property has passed to the trustee freed from the claims
of the exemption. *Jewett* v. *Huffman,* 13 Am. B. R. 738. "The
bankruptcy court as a necessity must alone deal with the exemp-
tions of the bankrupt. If any other tribunal was to intervene
to determine this question it would be the exercise of a jurisdic-
tion which might result in a conflict of authority and deprive
the bankrupt court of its rightful power to speedily determine
all questions of law and of right arising under the bankrupt
act, which was clearly the intention of Congress when it enacted ·
the law." *McGahan* v. *Anderson, supra,* 117. In *Smalley* v.
*Laugenour,* 30 Wash. 307, 70 Pac. 786 (writ of error dis-
missed, 1905, 196 U. S. 93), the supreme court of Washing-
ton said: "The bankrupt is obligated to schedule all of his
property in his petition in bankruptcy,—that which he claims
as exempt as well as that to which he makes no such claim,—
and it is the duty of the bankrupt court to determine and set
apart to him the exemptions allowed by law. Clearly the
property is subjected to the jurisdiction of the court, no matter
in whom the legal title thereto may be said to rest. * * * The
clause of the bankruptcy act vesting in the trustee the title to
all the bankrupt's estate 'except in so far as it is to property
which is exempt,' was intended, it seems to us, to do away with
the necessity of a conveyance from the bankrupt to the trustee
and nothing more. It was not intended to deny to the bank-
ruptcy court the power to make valid orders with reference to
all or any of the bankrupt's property, whatever may be its
character, or whether the title may be in the bankrupt or the
officer of the court."

From a review of the authorities cited we are of the opinion that the adjustment of the debtor's claim for exemptions is a matter which pertains to the administration of the bankrupt estate over which the court in which those proceedings are pending has exclusive jurisdiction, and until the bankrupt has established what, if any, of the property belongs to him as exempt, freed from the claim of his trustee in bankruptcy, he is in no position to maintain this action. As a predicate to the exercise of any such right he must first show that the property, with respect to which he seeks to prosecute his action, has been determined by the competent tribunal (the court in which he was adjudicated a bankrupt) to be exempt property. In arriving at this conclusion we are not unmindful of the fact that there are reported cases, decided by state courts of last resort, holding that under the Bankruptcy Act of 1867 a bankrupt may maintain an action for the recovery of exempt property in specie or for damages for wrongs done in respect to it, whether the same has been set apart by the trustee or not. *Wilkinson v. Wait,* 44 Vt. 508; *Winn v. Morse,* 59 N. H. 210. In the last mentioned case the court says: "It (exempt property) does not pass to the assignee and the title of the bankrupt is in no way affected or impaired by the neglect or failure of the assignee to designate and set apart the exempted property. The assignee has no control over it and it is immaterial whether it has been set apart by him or not." We cannot assent to the doctrine announced in that case as applicable to the case at bar, under the Bankruptcy Act of 1898, as in our opinion it is not in accord with the terms of the act or its spirit and intent and it is not in harmony with federal decisions construing the act of 1898 as it relates to the setting apart and determination of a bankrupt's right to exemptions.

The only point raised by the exceptions being that the lower court erred in granting the motion for nonsuit and entering a judgment of nonsuit thereon, the judgment will have to be affirmed if any of the grounds of the motion are well taken;

that is, if the conclusion of the lower court was correct it must be affirmed, irrespective of its reasons. *Colburn* v. *Holt,* 19 Haw. 65. By section 1832 of the Revised Laws it is provided that "No property mentioned in section 1831 shall be exempt from attachment for, nor from execution issued upon a judgment recovered for the purchase price thereof, or upon a judgment of foreclosure of a mortgage thereon, nor for taxes or fines or any debt due the Territory of Hawaii." It does not appear whether or not the sewing machines, the conversion of which is sued for, were seized by the defendant under an attachment issued in a suit for the recovery of the purchase price thereof or whether or not the attachment was issued in an action for any taxes or fines or any debt due the Territory of Hawaii. The burden of proving the exemption was on the appellant, the plaintiff in the court below. 1 Loveland on Bankruptcy 896; *In re Turnbull,* 106 Fed. 667; *McGahan* v. *Anderson,* 113 Fed. 119. And his right to the exemption must be shown by conclusive proof. *In re Rainwater,* 191 Fed. 738. "The state law (of Virginia) allows every resident householder to hold exempt his real or personal estate to the value of two thousand dollars, provided that said exemption shall not extend to any execution, order or other process issued on any judgment for, *inter alia,* the purchase price of said estate or any part thereof. * * * Under the Virginia homestead law the exemption cannot be had in any property against a demand for the purchase price thereof. * * * He (the bankrupt) is presumed to know the law and to know that he cannot exempt any property as against the demand for the purchase price. He must, therefore, be treated as having impliedly asserted that every article claimed has been paid for. * * * The bankrupt has the affirmative of the issue." *In re Campbell,* 124 Fed. 417, 421. In this case the plaintiff failed to sustain the burden of proving that the sewing machines were not seized under an attachment for the purchase price thereof, and in our opinion the motion

for nonsuit might well have been granted on the third ground stated, "that there was no evidence that said articles were exempt from levy and sale under execution."

Exceptions overruled.

*A. S. Humphreys* for plaintiff.

*L. Andrews* for defendant.