### EDGINGTON et al. v. TAYLOR.

(Circuit Court of Appeals, Eighth Circuit. December 20, 1920.)

No. 207.

1. **Bankruptcy** ⬅396(1)—**Courts** ⬅366(19)—**Right to homestead exemption governed by laws of state and decisions thereon.**

A homestead exemption under the Bankruptcy Act [1] can be claimed only where given by the laws of the state, and in interpreting such laws the decisions of the highest court of the state are controlling.

2. **Bankruptcy** ⬅396(5)—**Homestead exemption must have been claimed under Colorado statute.**

Under Rev. St. Colo. 1908, §§ 2950, 2951, as construed by the Supreme Court of the state to entitle the head of a family to a homestead exemption the word "homestead" must have been entered by either husband or wife on the margin of the record title to the property, and a bankrupt cannot claim property exempt as a homestead unless such entry was made prior to the filing of the petition in bankruptcy, as of which time title to the property vests in his trustee.

3. **Bankruptcy** ⬅396(5)—**Failure to claim statutory homestead not excused by negligence of attorney.**

Bankrupts *held* not entitled to a homestead exemption which had not been claimed on the record of title, as required by the laws of the state, because the failure to enter such claim was due to the negligence of the attorney employed by them in the bankruptcy proceedings.

Petition to Revise Order of the District Court of the United States for the District of Colorado.

In the matter of Charles C. Edgington and Ida M. Edgington, bankrupts; French L. Taylor, trustee. On petition by bankrupts to revise order of District Court. Petition denied.

---

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

[1] Comp. St. §§ 9585-9656.

Harry P. Vories, of Pueblo, Colo., for petitioners.
William B. Yates, of Pueblo, Colo., for respondent.

Before CARLAND and STONE, Circuit Judges, and MUNGER, District Judge.

CARLAND, Circuit Judge. This proceeding presents the question as to whether petitioners can lawfully claim lots 17 and 18, block 1, North Boone addition, Pueblo county, Colo., as a homestead exemption to the extent and value of $2,000. The trustee, referee, and District Court disallowed the claim. The material facts as stipulated are as follows:

"Said bankrupts, Charles C. Edgington and Ida M. Edgington, copartners doing business under the firm name and style of the Boone Trading Company, filed their partnership and individual petition in bankruptcy on the 10th day of January, A. D. 1920, in the clerk's office of the United States District Court at Pueblo, Colo. They were adjudicated bankrupts on the 13th day of January, A. D. 1920, and the matter referred to S. R. Durham, Esq., referee in bankruptcy, at Pueblo, Colo., who called the first meeting of creditors for January 30, A. D. 1920.

"At the time of filing their partnership and individual petition in bankruptcy by said bankrupts, the bankrupt Charles C. Edgington owned lots 17 and 18 in block 1, North Boone addition, second filing, Pueblo county, Colo., having thereon erected a brick building and barn, which brick building and premises were occupied by and used by the said bankrupts as a store building and dwelling house.

"At the time of filing the said partnership and individual petition in bankruptcy, the said bankrupts did not have the said premises 'homesteaded' as required by the laws of the state of Colorado, but, on Friday, January 30, A. D. 1920 at 11:30 o'clock a. m., and before any trustee in bankruptcy was appointed herein, Ida M. Edgington, one of the said bankrupts, made a 'homestead' filing on the margin of the deed to Charles C. Edgington, the said deed being recorded in the clerk and recorder's office of Pueblo county, Colo., in Deed Book 455, page 251, and at the time of making the said homestead entry she, the said Ida M. Edgington, resided with the said Charles C. Edgington, her husband, in the said building, and at the time of filing their said bankruptcy proceeding she resided with her husband in the said building on the said premises.

"On February 13, A. D. 1920, the said bankrupt, Charles C. Edgington, also filed on the marginal entry of his said deed recorded as above his homestead entry. The said bankrupts in their schedules (see Schedule B) claimed the said property as exempt as follows: 'Also lots 17 and 18 in block 1, second filing town of North Boone, Pueblo, Colo., listed in Schedule B-1 herein as a homestead to said petitioners, Charles C. Edgington and Ida M. Edgington, under the provisions of section 2950 of the Revised Statutes of Colorado of 1908; said real estate being now used by petitioners for a home and for store purposes ($2000).'

"At the time of making said claim in their schedules the said bankrupts had not complied with section 2950 of the Revised Statutes of Colorado of 1908, by making a marginal entry on the margin of his record title to the said real estate, in the office of the county clerk and recorder of Pueblo county, Colo."

It also appears from the record, although not in the stipulation of facts:

"That before said petition was filed the petitioners employed R. H. Arnold, an attorney at law at Colorado Springs, Colo., to assist and advise them in regard to preparing and filing said petition and claiming their exemption. That they requested said R. H. Arnold to protect them, as regards their

270 F.—4

homestead, in every way necessary, and that the said R. H. Arnold advised them that all that was necessary for their claim of homestead was to claim the same under 'Schedule B,' which was done by them."

Sections 2950 and 2951 of chapter 63 of the Revised Statutes of Colorado of 1908, read as follows:

"2950. *Homestead Exemption of Two Thousand Dollars.*

"Section 1. Every householder in the state of Colorado, being the head of a family, shall be entitled to a homestead not exceeding in value of the sum of $2,000.00, exempt from execution and attachment, arising from any debt, contract or civil obligation, entered into or incurred after the first day of February, A. D. 1868."

"2951. *Marginal Entry—When Wife or Husband may Cause Same to be Made.*

"Section 2. To entitle any person to the benefit of this act, he shall cause the word 'Homestead' to be entered in the margin of his record title to the same, which marginal entry shall be signed by the owner making such entry and attested by the clerk and recorder of the county in which the premises in question are situated, together with the date and time of day on which said marginal entry, is so made: Provided, that in case the husband is the owner of said homestead, the wife may cause such entry to be made and recorded, and the signature of the said entry by the wife shall have the same effect as if entered by the husband, the owner of the property. And, in case the wife is the owner of the homestead, and shall fail to make such homestead entry, the husband may cause the homestead entry to be made, and the signature thereof by him shall have the same effect as if the entry had been made by the wife, the owner of the property."

[1, 2] If the word "homestead" is not entered in the margin of the record of the title as required by section 2 above mentioned, the claimant is not entitled to the benefit of its provisions. Drake v. Root, 2 Colo. 685; Wells v. Caywood; 3 Colo. 487; Barnett v. Knight, 7 Colo. 365, 3 Pac. 747; Jones v. Olson, 17 Colo. App. 144, 67 Pac. 349; Runyan v. Snyder, 45 Colo. 155, 161, 100 Pac. 420; Leppel v. Kus, 38 Colo. 292, 88 Pac. 448; Harrison Goodwin v. Colorado Mortgage & Inv. Co., 110 U. S. 1, 3 Sup. Ct. 473, 28 L. Ed. 47. The right to a homestead exemption is not given by the Bankruptcy Law, but exists, if at all, by virtue of state laws. The bankruptcy court will allow whatever exemption the state law allows. Brandenburg on Bankruptcy (4th Ed.) § 1001. The decisions of the highest court of a state construing its laws in relation to homesteads are controlling. In re Nye, 133 Fed. 35, 66 C. C. A. 139 (8th Circuit); 2 Loveland on Bankruptcy, § 419. Whatever might be our conclusion upon the facts as presented by the record in the absence of controlling authority, we feel that we are bound by the decision of this court in the case of In re Youngstrom, 153 Fed. 98, 82 C. C. A. 32. That case cannot be distinguished from the case at bar, and the homestead claim was there denied.

[3] The claim is made in this case that the failure to claim the homestead as provided by the law of Colorado was due to the negligence of counsel. Whether the negligence of counsel could be relied upon in any way to relieve petitioners from compliance with the state statute need not be determined, for, conceding that there was negligence on the part of counsel, he was acting within the scope of his authority, and his negligence must be imputed to his client. Kern v. Strausberger, 71 Ill. 413; Clark v. Ewing, 93 Ill. 572; Clark v.

Stevens, 55 Iowa, 361, 7 N. W. 591; Beale v. Swasey, 106 Me. 35, 75 Atl. 134, 20 Ann. Cas. 396; Parker v. Britton, 133 Mo. App. 270, 113 S. W. 259; Leo v. Green, 52 N. J. Eq. 1, 28 Atl. 904; Morgan v. Joyce, 66 N. H. 476, 30 Atl. 1119; Crim v. Handley, 94 U. S. 659, 24 L. Ed. 216; Cowley v. Northern Pac. Ry. Co. (C. C.) 46 Fed. 325; Celina v. East Port Savings Bank, 68 Fed. 401, 15 C. C. A. 495; Thornton on Attorneys at Law, § 318.

An examination of the stipulation of facts shows that, when the property in question was claimed as a homestead in the voluntary petition in bankruptcy, it was claimed under the provisions of section 2950, Rev. Stats. Colo. 1908. Counsel therefore must have known what the statute required when he drew the petition. Title to the land in question vested in the trustee as of the date of the filing of the voluntary petition in bankruptcy. Sections 47a and 70a, Bankruptcy Law;[2] Brandenburg on Bankruptcy (2d Ed.) vol. 1, § 1117; Collier on Bankruptcy (11th Ed.) pp. 1112, 1115, 1127; J. H. Bailey, Trustee, v. Baker Ice Machine Co., 239 U. S. 268, 36 Sup. Ct. 50, 60 L. Ed. 275; York Mfg. Co. v. Cassell, 201 U. S. 344, 26 Sup. Ct. 481, 50 L. Ed. 782; Thompson v. Faubau, 196 U. S. 516; Mullinix v. Simon, 196 Fed. 775, 116 C. C. A. 399; Hewit v. Berlin Machine Works, 194 U. S. 296, 24 Sup. Ct. 690, 48 L. Ed. 986; Mueller v. Nugent, 184 U. S. 1, 22 Sup. Ct. 269, 46 L. Ed. 405.

We are therefore of the opinion that the negligence of counsel cannot help petitioners in the present case, and that upon the authority of In re Youngstrom, supra, the petition to revise must be denied. It is so ordered.

